# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF TEXAS

# MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> T-MOBILE US, INC. and T-MOBILE USA, INC., <br><br> Defendants. | CIVIL ACTION NO. 2:16-cv-00052-JRG-RSP <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANTS T-MOBILE US, INC. AND T-MOBILE USA, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. **Huawei Has Not Sufficiently Pled Direct Infringement.** .................................1

    B. **Huawei Has Not Sufficiently Pled Induced Infringement.** .............................4

    C. **Huawei Has Not Sufficiently Pled Contributory Infringement.** ....................7

    D. **Huawei Has Not Sufficiently Pled Willfulness.** ................................................8

    E. **Any Amendment of Huawei's Direct and Indirect Infringement Claims Must Identify The Particular Standard Sections That Huawei Claims Its Patents Cover** ......................................................................................9

III. CONCLUSION .....................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................6

*Cascades Computer Innovation, LLC v. Motorola Mobility Holdings, Inc.*,
  No. 11 C 4574, 2012 WL 2086473 (N.D. Ill. May 22, 2012) ......................................6

*Charles E. Hill & Assocs. v. ABT Elecs., Inc.*,
  No. 2:09 CV 313 TJW CE, 2010 WL 3749514 (E.D. Tex. Aug. 31, 2010)................6

*EmeraChem, Holdings, LLC v. Volkswagen Grp. Of Am., Inc.*
  No. 3:14–CV–132–PLR–HBG, 2014 WL 5795027 (E.D. Tenn. Nov. 6, 2014) .......8

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011)..................................................................................................8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).....................................................................................6

*K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013).....................................................................................3

*Keel v. Wal-Mart Stores, Inc.*,
  No. 1:11-CV-248, 2012 WL 488248 (E.D. Tex. Jan. 11, 2012)..................................8

*Round Rock Research, LLC v. Oracle Corp.*,
  No. 4:11-cv-332, 2011 WL 11761563 (E.D. Tex. Oct. 25, 2011) ...............................3

*Skidmore Energy, Inc. v. KPMG, LLP*,
  No. Civ A 3:03-2138-B, 2004 WL 3019097 (N.D. Tex. Dec. 28, 2004) ...................8

*Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*,
  No. 2:09–cv–148–TJW, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) .....................7

**I.      INTRODUCTION**

In its opposition, Huawei argues that its complaint need not include more detail because Huawei only has access to public information.  But that is no excuse under *Twombly* and *Iqbal* for Huawei's failure to plead the facts supporting its infringement claims.  This is especially true given Huawei's suggestion that the asserted patents are essential to the LTE and potentially other cellular standards—which are public documents.  If Huawei is basing its infringement claims on a theory that its patents are standard essential, then Huawei can and should allege some facts regarding at least (1) for each patent, which particular section(s) within the thousands of pages of the standard are allegedly covered by that patent, and (2) where and how T-Mobile purportedly practices those sections.  Huawei's complaint does neither.

Instead, for direct infringement Huawei relies on a kitchen sink approach, accusing large collections of network components across T-Mobile's entire communications network, without articulating a discernable theory as to any particular feature or function.  Huawei fails to defend any of these generalized allegations in its opposition.  Huawei similarly fails to address the deficiencies in its indirect infringement allegations, which recite a laundry list of activities that amount to nothing more than the ordinary business activities of a network operator—without pleading any facts that could plausibly link any of those activities to the patent claims.

Finally, Huawei's argument that its willfulness allegations are based on the parties' pre-suit communications compels dismissal of that claim—the complaint simply lacks any such allegations.  If those communications actually supported a willfulness claim as Huawei now asserts (they do not), it could have alleged the required facts, but did not.  Moreover, in any event, those facts, which T-Mobile disputes, provide no basis for a colorable willfulness claim.

**II.     ARGUMENT**

**A.      Huawei Has Not Sufficiently Pled Direct Infringement.**

Even after T-Mobile explained in its opening brief that Huawei's direct infringement allegations fail to give T-Mobile sufficient notice of what is accused of infringement (T-Mobile's

Motion to Dismiss ("Mot.") at 5-6, 9-16), Huawei still fails to identify *what* it is accusing of infringement and *how* T-Mobile allegedly infringe Huawei's patents.

Huawei does not attempt to justify its exceedingly broad allegations that accuse the entirety of T-Mobile's networks and numerous components under every infringement theory. Nor could it do so. Huawei has identified all of T-Mobile's networks through its definition of "Infringing Wireless Networks," and accuses T-Mobile of infringing its patents "by, among other things, making, using, offering for sale, selling, and/or importing into the United States" unidentified "unlicensed systems, products, and/or services," which "include, by way of example and without limitation, T-Mobile's Infringing Wireless Networks and/or components that enable reliability and disaster tolerance on its Infringing Wireless Networks." (*Id*. at 5-6.) Huawei's infringement theories are just as broad: "i) making, leasing, and/or using its wireless networks; ii) making, offering for sale, and/or selling its services; and iii) making, using, offering for sale, selling, and/or importing into the United States components (such as [in the case of the '365 and '617 patents,] CSCFs, HSSs etc.) in a manner that infringes." (*Id*. at 6.) These paragraphs cover nearly every aspect of T-Mobile's business and thereby obscure—rather than provide notice of—Huawei's claims and the bases for them.

Huawei's "high-level" descriptions of the allegedly patented subject matter—such as "enable reliability and disaster tolerance" for the '365 and '617 patents—and lists of components fail to solve this problem. (*See* Huawei's Opposition to T-Mobile's Motion to Dismiss ("Opp.") at 3-4; Compl. ¶¶ 44, 56, 68, 80.) The descriptions are broad, generic network functions that are never linked to the patent claims in the complaint, and therefore do not provide the notice required by *Twombly* and *Iqbal*. (*Id*.) Although each patent infringement count lists example components (Mot. at 6), Huawei does not relate any of the listed components of any of the asserted patents to the claims in any meaningful way. Huawei's use of "***such as***" and "***etc***." also

leaves unclear which of the listed components actually are at issue, and what other unlisted components might be.[1]

Huawei's excuses for these pleading failures are unavailing.

*First,* Huawei argues that it need not provide more detail because it only has access to public information. (*See* Opp. at 8-9.) But Huawei is obligated to plead facts with the sufficiency required under *Twombly* and *Iqbal*, regardless of whether it only had access to public information about T-Mobile's networks. (Mot. at 7-9.)[2] Huawei cites no case in which *Twombly* and *Iqbal* were applied and the plaintiff was relieved of the pleading standards set forth in those cases because it only had access to public information.[3]

*Second,* it appears from the complaint and the opposition that Huawei *is* able to provide more detail. Huawei repeatedly suggests that it based this lawsuit on publicly available

---

[1] Contrary to Huawei's assertion, Huawei's allegations are analogous to those found insufficient in *Round Rock Research, LLC v. Oracle Corp*. Like the phrase "including, but not limited to" in *Round Rock*, Huawei's use of "such as," "etc.," "by example and without limitation," "among other things," and other similar language fails to inform T-Mobile of all the bases for Huawei's infringement claims. *Round Rock*, No. 4:11-cv-332, 2011 WL 11761563, at *11 (E.D. Tex. Oct. 25, 2011).

[2] Huawei repeatedly states that "T-Mobile admits the accused technology is 'invisible' to others." (*See, e.g.,* Opp. at 8.) T-Mobile made no such "admission," nor did it even mention any accused component or network. Instead, T-Mobile explained that Huawei had not alleged plausible facts regarding direct infringement by customers because the complaints contain no facts that link the claimed network functions—which the user does not see or control—with the service plans, SIM cards, and mobile devices that it alleges customers use to infringe. (Mot. at 17-18.) It is Huawei's burden to plead and prove a plausible allegation that service plans, SIM cards, or mobile devices can infringe such claims, which it has not done. (*See id*.)

[3] As Huawei admits (Opp. at n.4), *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.* was based on now-abrogated Form 18, which the Federal Circuit stated controls the pleading standard in the event of any conflict between the Form and *Twombly*. 714 F.3d 1277, 1283, 1285-866 (Fed. Cir. 2013). *K-Tech* did not, as Huawei asserts, "recognize that even the simple pleadings of Form 18 could be too restrictive." (Opp. at n.4.) The Federal Circuit merely held that Form 18 did not require identification of an accused device by name. *K-Tech*, 714 F.3d at 1286. And as discussed below, the plaintiff's allegations were considerably more detailed than Huawei's are in this case.

standards.[4] If that is the case, then Huawei can and should identify the sections of those standards that it contends are covered by the patents and how those standards apply to the patent and to T-Mobile's networks. The fact that Huawei will eventually provide additional details in its infringement contentions (Opp. at 2) is no substitute for its obligation to provide sufficient notice of its claims in the complaint so T-Mobile will have a fair opportunity to investigate and plead its defenses. Moreover, those infringement contentions presumably will also be based on publicly-available standards—because Huawei will have had access to nothing else by the time they are due—and Huawei should have already identified the applicable sections of the standards and how they apply before it filed suit.

*Finally*, *K-Tech* does not excuse Huawei's failure to provide these details about the standards. In that case, the plaintiff's complaint described its patents, described a regulatory scheme for broadcasting digital signals that applied to defendants, cited a patent that purportedly covered how one defendant broadcast its signals, and provided an example of a television program that the other defendant broadcast and explained how that broadcast likely infringed. *K-Tech*, 714 F.3d at 1285-86. K-Tech's complaint also referenced pre-suit communications with one of the defendants that explained the infringement allegations, which the defendant rejected. *Id*. In short, K-Tech satisfied Form 18 because it alleged specific information that provided sufficient notice of its claims. Huawei has not done the same.

    **B.**     **Huawei Has Not Sufficiently Pled Induced Infringement.**

None of the alleged "facts" Huawei relies on in its opposition—even if taken as true—supports a plausible claim of inducement. For example, Huawei has still failed to identify any

---

[4]     *See* Compl. ¶¶ 8, 9, 15, 16 (broadly asserting that T-Mobile's implementation of LTE and the expansion of the MetroPCS brand is "unlicensed" activity); Opp. at 9 ("Huawei has access only to T-Mobile's public statements and advertisements . . . along with the knowledge of T-Mobile's participation in and adoption of standards that govern its wireless networks."), 16 ("The accused reliability and disaster tolerance features are necessary components for T-Mobile's wireless networks to operate as it advertises and to adhere to standards governing wireless networks.").

facts to support essential elements of the claim, i.e., that T-Mobile knew of the asserted patents and specifically intended to infringe or to cause others to infringe. And Huawei does not even address T-Mobile's argument that Huawei's allegations of direct infringement by customers through service plans, SIM cards, and mobile devices are not plausible. As discussed below, Huawei's opposition fails to cure the defects in its complaint.

*First*, Huawei's assertion that it sufficiently alleged "that T-Mobile, with knowledge of the patents and its own infringement, likewise has specific intent to aid infringement" is incorrect. (Opp. at 11-12.) Huawei cites its allegations that T-Mobile took active steps to induce infringement "knowing that those steps will induce" infringement by others and "knew or should know that its activities induce others to infringe." (*Id*. at 12-13.) But these are legal conclusions, not facts. The *only* fact asserted in the paragraphs of the complaint Huawei cites in the opposition that relate to alleged direct infringement by T-Mobile's customers is that T-Mobile "prompt[s]" users to use the mobile devices, service plans and/or SIM cards to access the network, which purportedly make use of a network function covered by the asserted patents. (*See* Mot. at 18-19 (citing Compl. ¶¶ 48, 60, 72, 84).) Huawei does not explain how this "fact" supports a claim that T-Mobile knew of and intended the purported infringement. It does not.

*Second*, ignoring T-Mobile's argument that the "fact" discussed above does not support an inducement claim, Huawei instead points to *another* allegation in the complaint—which is not mentioned in the patent infringement counts—as purported evidence of T-Mobile's knowledge of infringement—e.g., that "unlicensed" activities such as "allowing third-party network providers access to its accused back-end networks . . . provides T-Mobile with increased revenue." (Opp. at 12 (citing Compl. ¶ 19).) To the extent this allegation is intelligible, Huawei fails to explain how this alleged "fact" is relevant to the asserted patents or how it is related to knowledge of infringement and specific intent to infringe.[5]

---

5  Nor are these allegations analogous to those alleged *In re Bill of Lading*. In that case, the plaintiff had alleged several detailed facts about specific conduct that were directly linked to the

*Finally*, Huawei fails to address T-Mobile's argument that its allegations of direct infringement by customers through service plans, SIM cards, and mobile devices are not plausible. Huawei simply asserts that it need not provide any detail "particularly when the infringement claims are directed at T-Mobile's network as used by its individual and corporate customers." (Opp. at 12.) But there is no such exception to the pleading requirements for Huawei's direct infringement allegations directed to T-Mobile's customers. Here, T-Mobile has challenged the sufficiency of Huawei's allegations in light of the Supreme Court's admonishment in *Twombly* that the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As discussed in T-Mobile's motion, Huawei does not allege *any* facts from which it could be inferred that the asserted claims of the patents—which are directed to functions that are performed within the network and that are unknown to the user (*see* Opp. at 3-4)—could be directly infringed *by customers* through use of a service plan, SIM card, or mobile device. (Mot. at 17.) Service plans and SIM cards do not actually access the network, and mobile devices are merely used by customers to make and receive calls and send and receive data. (*Id*. at 17-18.) These components could not directly infringe the claims. For these reasons, Huawei's allegations regarding purported direct infringement by customers are not plausible on their face and should not be accepted as true.[6]

---

patent claims and therefore supported a claim for infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341-42 (Fed. Cir. 2012).

[6] Huawei's reliance on *Cascades Computer Innovation, LLC v. Motorola Mobility Holdings, Inc.* and *Charles E. Hill & Assocs. v. ABT Elecs., Inc.* is misplaced. (Opp. at 12-13.) Both cases appear to have applied a standard similar to Form 18 to the challenged indirect infringement allegations. *See Cascades*, No. 11 C 4574, 2012 WL 2086473, at *2 (N.D. Ill. May 22, 2012) (allegation that claim is infringed "each time a phone used" deemed sufficient to allege contributory infringement); *Charles E. Hill*, No. 2:09 CV 313 TJW CE, 2010 WL 3749514, at *2 (E.D. Tex. Aug. 31, 2010) ("Neither Form 18 nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement.") (citation omitted). Prior to December 1, 2015, courts also judged the sufficiency of direct infringement allegations underlying indirect infringement claims using Form 18. *See In re Bill of Lading*, 681 F.3d at 1333-34 (finding that "whether R+L's amended complaints adequately plead direct infringement [by defendants' customers] is to be measured by the specificity required by Form 18"). But the

### C. Huawei Has Not Sufficiently Pled Contributory Infringement.

Huawei's contributory infringement argument fails for the same reasons as its inducement arguments. The allegations consist of nothing more than conclusory statements that are never explained or supported by any factual allegations.

As explained in T-Mobile's motion, Huawei asserts without explanation that T-Mobile's sale, offer for sale, "and/or" import of service plans, SIM cards, and mobile devices contribute to infringement and that the service plans, SIM cards, "and/or" mobile devices are especially adapted "for use with and/or access to" T-Mobile's networks and "are not suitable for substantial non-infringing uses." (Mot. at 20-.) As with its inducement claim, Huawei relies on service plans, SIM cards, and/or mobile devices as contributing to the infringement of network function patents, but has not alleged sufficient facts that plausibly link those service plans, SIM cards, and mobile devices to the conclusions that it asserts. (*Id*. at 20-21.) Huawei's opposition merely summarizes the conclusory allegation in the complaint, again without making any attempt to show how service plans, SIM cards, and mobile devices could possibly contribute to the infringement of functions that occur solely within the networks. (Opp. at 14-15.) As discussed above, these allegations are not plausible on their face.

Regarding "no substantial non-infringing uses," Huawei's belated attempt to satisfy this element by arguing that the "accused features are necessary components for T-Mobile's wireless networks to operate" and that "customers have no choice but to use the accused systems, components, or methods to infringe" (*id*. at 16) fails because the complaint does not contain such allegations.[7]

---

Supreme Court eliminated Form 18 on December 1, 2015, implicitly requiring allegations of direct infringement to be evaluated under the higher *Twombly* and *Iqbal* pleading standards. (*See* Mot. at 8-9 and cases cited therein.) As explained above, Huawei's direct infringement allegations in its inducement claim do not pass muster under those standards.

[7]   Like *Cascades Computer* and *Charles E Hill* discussed in footnote 6 above, *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, cited by Huawei (Opp. at 15), allowed a barebones contributory infringement claim that would not satisfy a pleading standard higher than Form 18. *See* No. 2:09–cv–148–TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 1, 2010) (denying motion

### D. Huawei Has Not Sufficiently Pled Willfulness.

Huawei makes no attempt to defend the willfulness claim asserted in the complaint—nor could it do so because the claim consists solely of a single conclusory paragraph that merely recites the elements of the claim. (Mot. at 23.) Instead, Huawei rewrites the allegations in its opposition. Huawei's new allegations should be disregarded as an improper attempt to amend the complaint. *Skidmore Energy, Inc. v. KPMG, LLP*, No. Civ A 3:03-2138-B, 2004 WL 3019097, at *5 (N.D. Tex. Dec. 28, 2004) ("Plaintiffs may not amend their Complaint through briefs submitted [in response to a motion to dismiss.]"); *Keel v. Wal-Mart Stores, Inc.*, No. 1:11-CV-248, 2012 WL 488248, at *2 (E.D. Tex. Jan. 11, 2012) (noting that the court's review is limited to the allegations in the complaint and documents attached to the complaint that are necessary to establish an element of the cause of action).

Even if taken as true, Huawei's allegations in its opposition still fail to state a claim for willfulness. Huawei's new allegation that T-Mobile engaged in "willful blindness by refusing to engage in good faith negotiations with Huawei" is found nowhere in the complaint. (Opp. at 17.) The complaint makes no mention that the knowledge element of willfulness is based on alleged willful blindness—i.e., that T-Mobile took deliberate actions to avoid learning of the purported infringement before the filing of the complaint. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2070 (2011) (holding willful blindness requires a showing that "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the

---

to dismiss where all direct and infringement allegations were combined into a single conclusory paragraph that did not contain every element of the claims). For this reason, *Tune Hunter* does not assist Huawei. Nor does *EmeraChem, Holdings, LLC v. Volkswagen Grp. Of Am., Inc*. In that case, unlike Huawei's allegations, the complaint identified the specific "material components"—exhaust gas treatment catalysts—in its allegations that defendant contributed to the infringement of patents directed to "treatment of exhaust gases." No. 3:14–CV–132–PLR–HBG, 2014 WL 5795027, at *1, 3 (E.D. Tenn. Nov. 6, 2014). In other words, the identified "material components" in *EmeraChem* were plainly related to the asserted patents. Here, however, Huawei has identified instrumentalities—service plans, SIM cards, and mobile devices—***outside*** of T-Mobile's networks as material components that contribute to infringement of patents directed to functions ***within*** the network

- 8 -

defendant must take deliberate actions to avoid learning of that fact"). Rather, the complaint alleges that T-Mobile was purportedly aware of the infringement "*since at least the filing of this action*." (Compl. ¶¶ 51, 63, 75, 87.) The willfulness claim contains no mention of the pre-suit communications, nor does Huawei cite to any.

And even if it were proper for Huawei to change course and now rely on the parties' pre-suit communications as alleged support, the complaint and Huawei's opposition lack any facts that could plausibly support such a claim. Huawei never argues that the patents-in-suit and its infringement allegations relating to those patents were identified during those communications. If Huawei intended to rely on pre-suit communications to support its willfulness claim, it already had all the information it needed to state a claim for willfulness. The fact that it has not done so either in the complaint or the opposition is a strong indication that it cannot do so.

### E. Any Amendment of Huawei's Direct and Indirect Infringement Claims Must Identify The Particular Standard Sections That Huawei Claims Its Patents Cover

Fundamentally, T-Mobile is entitled to fair notice of Huawei's claims, yet Huawei has failed to provide even the most basic information that would permit T-Mobile to conduct a full and fair investigation of Huawei's claims. Huawei claims that T-Mobile infringes because "Huawei's patents-in-suit are central to the operation and interoperability of modern wireless networks," yet Huawei has not even identified the standards on which Huawei bases this assertion. (Opp. at 1.) Should the Court permit Huawei to amend its complaint, Huawei should be required to at least identify the particular sections (by specific sub-section numbers) that it asserts its patents cover.

## III. CONCLUSION

For the reasons set forth above and in T-Mobile's opening brief, Huawei's complaint should be dismissed.

|  |  |
|---|---|
| April 18, 2016 | */s/* Samuel F. Baxter |
|  | Samuel F. Baxter |
|  | Lead Attorney |
|  | Texas State Bar No. 01938000 |
|  | sbaxter@McKoolSmith.com |
|  | Jennifer Truelove |
|  | Texas State Bar No. 24012906 |
|  | jtruelove@mckoolsmith.com |
|  | MCKOOL SMITH, P.C. |
|  | 104 E. Houston Street, Suite 300 |
|  | P.O. Box O |
|  | Marshall, Texas 75670 |
|  | Telephone: (903) 923-9000 |
|  | Facsimile: (903) 923-9009 |
|  |  |
|  | Mark D. Selwyn |
|  | (California Bar No. 244180) |
|  | Kathryn D. Zalewski |
|  | (California Bar No. 263119) |
|  | WILMER CUTLER PICKERING |
|  |   HALE AND DORR LLP |
|  | 950 Page Mill Road |
|  | Palo Alto, California 94304 |
|  | (650) 858-6000 |
|  |  |
|  | Joseph J. Mueller |
|  | (Massachusetts Bar No. 647567) |
|  | Cynthia Vreeland |
|  | (Texas Bar No. 20625150 |
|  | Massachusetts Bar No. 635143) |
|  | WILMER CUTLER PICKERING |
|  |   HALE AND DORR LLP |
|  | 60 State Street |
|  | Boston, MA 02109 |
|  | (617) 526-6000 |
|  |  |
|  | *Attorneys for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a)(7)(C).

Dated: April 18, 2016     */s/* Sam Baxter
                          Sam Baxtert