**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | |
| Plaintiff, | No. 2:16-cv-52-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| T-MOBILE US, INC. and T-MOBILE USA, INC., | |
| Defendants. | |

**MOVANT-INTERVENORS NOKIA SOLUTIONS
AND NETWORKS US LLC AND NOKIA SOLUTIONS AND NETWORKS OY'S
PARTIALLY UNOPPOSED MOTION FOR LEAVE TO INTERVENE**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ...................................................................................................... 7

    I.    NSN US IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT
        PURSUANT TO RULE 24(A)(2). .................................................................7

        A. NSN US's Motion to Intervene Is Timely. ....................................................8

        B. NSN US Has a Significant Interest in the Property and Transactions
           at Issue in This Lawsuit. ................................................................................9

        C. NSN US's Ability to Protect Its Interests Will Be Impaired if It
           Cannot Intervene. .........................................................................................10

        D. T-Mobile Cannot Adequately Represent NSN US's Interests in
           Defending Against Huawei Technologies' Infringement Allegations..........11

    II.   IN THE ALTERNATIVE, NSN US SHOULD BE PERMITTED TO
        INTERVENE PERMISSIVELY. ...................................................................12

    III.  NSN SHOULD BE GRANTED LEAVE TO FILE COUNTERCLAIMS
        AND LITIGATE THOSE CLAIMS TOGETHER WITH HUAWEI'S
        CLAIMS. ........................................................................................................13

CONCLUSION................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chandler & Price Co. v. Brandtjen & Kluge,*
    296 U.S. 53 (1935) ...................................................................................14

*City of Houston v. Am. Traffic Sols., Inc.,*
    668 F.3d 291 (5th Cir. 2012) ...................................................................8

*Edwards v. City of Houston,*
    78 F.3d 983 (5th Cir. 1996) (en banc) .................................................8, 9

*Ericsson Inc. v. D-Link Sys., Inc.,*
    No. 6:10-cv-473, Dkt. No. 205 (E.D. Tex. May 4, 2012) ...........................8

*First Gibraltar Bank v. Bradley,*
    1996 WL 556852, at *4 (5th Cir. Sept. 10, 1996) (unpublished) ...............10

*Heaton v. Monogram Credit Card Bank of Ga.,*
    297 F.3d 416 (5th Cir. 2002) .............................................................11, 12

*Intellectual Ventures I LLC v. AT&T Mobility LLC,*
    2014 WL 4445953 (D. Del. Sept. 8, 2014) (Stark, J.) ...............................10

*John Doe No. 1 v. Glickman,*
    256 F.3d 371 (5th Cir. 2001) ..............................................................8, 9

*Katz v. Lear Siegler, Inc.,*
    909 F.2d 1459 (Fed. Cir. 1990) ...............................................................10

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,*
    732 F.2d 452 (5th Cir. 1984) ...................................................................13

*Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.,*
    310 U.S. 434 (1940) ...............................................................................12

*Spangler v. United States,*
    415 F.2d 1242 (9th Cir. 1969) .................................................................14

*Stauffer v. Brooks Bros., Inc.,*
    619 F.3d 1321 (Fed. Cir. 2010) .................................................................7

*Stewart-Warner Corp. v. Westinghouse Elec. Corp.,*
    325 F.2d 822 (2d Cir. 1963) ...........................................................14, 15, 16

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
    No. 3:04-cv-669, Dkt. No. 50 at 4 (N.D. Tex. Jan. 28, 2005) ................................8, 11

*Texas v. United States*,
    805 F.3d 653 (5th Cir. 2015) ........................................................................7, 8, 9, 11

*TiVo Inc. v. AT & T Inc.*,
    No. 2:09-cv-259, Dkt. No. 41 at 7, 2010 WL 10922068 (E.D. Tex.
    Mar. 31, 2010)...........................................................................................................9, 12

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    No. 6:09-cv-448, Dkt. No. 224 at 4 (E.D. Tex. May 10, 2010)............................10, 13

**RULES**

Federal Rule of Civil Procedure 13 ...........................................................................13, 14

Federal Rule of Civil Procedure 24 ........................................................................ passim

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 24, Nokia Solutions and Networks US LLC ("NSN US") and Nokia Solutions and Networks Oy ("NSN Oy") move for leave to intervene in the above-titled action as of right under Rule 24(a)(2), or alternatively, with permission of the Court under Rule 24(b)(1)(B).[1] Plaintiff Huawei Technologies Co., Ltd. ("Huawei Technologies") sued T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile"), one of NSN US's largest customers, in four separate cases in this District,[2] asserting a total of fourteen patents (collectively, "patents-in-suit").[3] NSN US seeks to intervene (with counterclaims) in all four cases so that the dispute between NSN US and Huawei Technologies may be efficiently disposed of in the pending proceedings. In order to afford complete relief under NSN US's claims, NSN US and NSN Oy further seek to add corporate entities Huawei Device USA, Inc. ("Huawei Device") and NSN Oy[4] to this proceeding as a counterclaim defendant and counterclaim plaintiff, respectively.

Huawei Technologies does not oppose NSN's underlying intervention, but does oppose NSN's assertion of counterclaims.

---

[1]    In accordance with Federal Rule of Civil Procedure 24(c), a copy of NSN's proposed Answer in Intervention and Counterclaims is attached as Exhibit 1.

[2]    In addition to the present case, Plaintiff filed a complaint against T-Mobile in 2:16-cv-55, 2:16-cv-56, and 2:16-cv-57.

[3]    *See* Pl.'s Compl., Dkt. No. 1 in 2:16-cv-52; Pl.'s Compl., Dkt. No. 1 in 2:16-cv-55; Pl.'s Compl., Dkt. No. 1 in 2:16-cv-56; Pl.'s Am. Compl., Dkt. No. 15 in 2:16-cv-57.

[4]    NSN Oy owns the patents asserted in the counterclaims, and upon information and belief, Huawei Device USA, Inc. makes, uses, sells, or imports accused handsets in the United States. Although NSN Oy merely seeks to be added as a counterclaim party given its status as the patent owner, for ease of reference, NSN Oy and NSN US are collectively referred to in this motion as "NSN." Collectively, Huawei Technologies Co., Ltd. and Huawei Device USA, Inc. are referred to in this motion as "Plaintiff" or "Huawei."

1

In this case, Huawei Technologies alleges that T-Mobile infringes four patents by utilizing network equipment that (according to Huawei Technologies) allows for a wireless network to "handle interruptions in wireless service." Pl.'s Compl. ¶ 21, Dkt. No. 1. Huawei Technologies proffers an unbounded and opaque list of accused generic network equipment that supposedly achieves this end, such as "SGWs, HSSs, MMEs, SGSNs, CSCFs, RNCs, GGSNs, Packet Data Network Gateways ('PDN-GWs'), and eNodeBs, *etc*." *Id.* ¶ 21. NSN US provides T-Mobile with many types of network equipment that Huawei Technologies identifies in its complaint, including HSSs, MMEs, SGSNs, RNCs, and eNodeBs. *Id.* As a result, T-Mobile has tendered a demand that NSN US indemnify and defend T-Mobile pursuant to the terms of the agreement under which NSN US supplies this equipment.

As such, NSN US has a right to intervene in this action under Rule 24(a). T-Mobile's demanded indemnity gives NSN US a direct interest in this case. In addition, NSN US has a direct and substantial interest in this litigation because Huawei Technologies seeks an injunction and monetary damages against T-Mobile's network equipment, which includes equipment supplied to T-Mobile by NSN US. NSN US's presence as a party in this action will promote judicial economy because it will facilitate discovery and accurate presentation of the evidence. Further, intervention will streamline and simplify the litigation by enabling the resolution of common issues of law and fact relating to the accused technology and the asserted patents. Finally, this litigation is at an early stage, and the existing parties will not be prejudiced by NSN US's entry.

NSN's counterclaims should also be allowed and tried together with Huawei Technologies' claims. Like Huawei Technologies' claims, NSN's counterclaims involve patents asserted against functionality that is required by cellular standards, and both cases will involve

common facts regarding the operation of cellular standards and the interaction between network equipment and mobile phones. Both allegations will involve resolution of common damages issues relating to patents declared essential to cellular standards. NSN is prepared to litigate its counterclaims on the same schedule as Huawei Technologies' claims, preventing any delay. Litigating Huawei Technologies' claims together with NSN's counterclaims will therefore provide the most efficient mechanism to resolve the disputes between Huawei and NSN, and given the early stage of the case, the existing parties will not be prejudiced.

Accordingly, NSN requests the Court's permission to intervene as a matter of right under Rule 24(a) or, alternatively, that the Court allow intervention under Rule 24(b).

## STATEMENT OF FACTS

**Plaintiff Appears to Accuse T-Mobile Network Equipment Supplied to T-Mobile by NSN US.** In this case, Huawei Technologies accuses T-Mobile of infringing four U.S. patents because of T-Mobile's use of allegedly infringing cellular wireless networks (Pl.'s Compl. ¶ 17, Dkt. No. 1). NSN US supplies, among other things, equipment and technology incorporated by T-Mobile into these cellular networks (Kolakowski Decl. ¶ 8, Ex. 2). This network equipment is required for T-Mobile's cellular networks to function, and allow T-Mobile's customers to access the networks using their smartphones and other mobile products (*Id.* ¶ 9). In general, this network equipment relates to and is governed by technical standards promulgated by the 3rd Generation Partnership Project ("3GPP"). NSN US is a member of 3GPP and participated in the development of the standards that govern the technology Huawei Technologies now alleges is infringed (*Id.* ¶ 5-7).

NSN US supplies several types of network equipment to T-Mobile, and NSN US's entry into the case will facilitate discovery related to this equipment. For example, for the NSN US-supplied equipment, the documents and other tangible evidence, including source code and

product specifications, likely reside with NSN US (*Id.* ¶ 10, 12). The technical know-how and testimony for this equipment also likely resides with NSN US (*Id.* ¶ 11). As a result, NSN US's entry into the case should streamline and simplify this litigation, especially as it relates to the following network equipment that Plaintiff alleges to infringe in its complaint[5]:

(1)   **NSN US Supplies Mobility Management Entities (MMEs) and Serving GPRS Support Nodes (SGSNs).** MMEs and SGSNs are required elements of the accused wireless networks. The 3GPP standards, which NSN helped develop and author, govern the operation of MMEs and SGSNs. NSN US supplies MMEs and SGSNs and technology enabling their operation to T-Mobile (Kolakowski Decl. ¶ 8). In this case, Huawei Technologies asserts that network equipment "such as . . . MMEs [and] SGSNs . . . infringe one or more claims of the asserted patents" (Pl.'s Compl. ¶ 21, Dkt. No. 1).

(2)   **NSN US Supplies Home Subscriber Servers (HSSs).** HSSs are a required element of the accused networks and are also governed by 3GPP standards, which NSN helped develop and author. NSN US provides HSSs and the technology enabling them to T-Mobile (Kolakowski Decl. ¶ 8). In this case, Huawei Technologies asserts that network equipment "such as . . . HSSs . . . infringe one or more claims of the asserted patents" (Pl.'s Compl. ¶ 21).

(3)   **NSN Supplies Radio Network Controllers (RNCs) and Evolved Node Bs (eNodeBs).** RNCs and eNodeBs are required elements of the accused networks and are also governed by 3GPP standards, which NSN helped develop and author. NSN US provides RNCs

---

[5]      As noted by T-Mobile in its Motion to Dismiss, Plaintiff fails to identify the specific products it accuses of infringement. *See* Def.'s Mot. to Dismiss at 1, Dkt. No. 26. However, Huawei Technologies does provide an unbounded list of network equipment types that it alleges infringe the asserted patents. *Id.* NSN US provides T-Mobile with many of the types of equipment that Huawei Technologies identifies in these unbounded lists, and therefore expects that many of its products will be identified in Huawei Technologies infringement contentions.

and eNodeBs and the technology enabling them to T-Mobile (Kolakowski Decl. ¶ 8). In this case, Plaintiff asserts that network equipment "such as . . . RNCs . . . and eNodeBs . . . infringe one or more claims of the asserted patents" (Pl.'s Compl. ¶ 21).

In other words, NSN US-supplied equipment is integral to the resolution of this case, and NSN US has a substantial interest in protecting its technology.

**T-Mobile Has Tendered an Indemnity Demand to NSN US, and NSN US Has a Substantial and Direct Interest in Protecting Its Customers.** On February 25, 2016, NSN US's customer, T-Mobile, tendered T-Mobile's defense in this action to NSN US and demanded indemnification of all costs and expenses incurred or to be incurred by T-Mobile with respect to this action based on the parties' contractual agreement for T-Mobile's purchase of the network equipment described above (Kolakowski Decl. ¶ 13). This agreement provides that NSN US agrees to indemnify and defend T-Mobile against claims alleging that T-Mobile's use of NSN US products supplied under the agreement constitutes infringement of a third party's patent[6] (*Id.* ¶ 14). Huawei Technologies' allegations, on their face, include assertions against network equipment of the type that NSN US supplies. In light of the indemnification provisions contained in NSN US's supply agreement with T-Mobile, there can be no serious dispute that NSN US may be injured if not permitted to intervene in this suit.

**This Case Is at an Early Stage in the Litigation.** Currently, no activity has occurred in this case that weighs against intervention. Huawei Technologies filed its complaint on January 15, 2016 (Ex. 3). No contentions have been exchanged. No scheduling conference has taken

---

[6]   NSN US's duties to indemnify T-Mobile and defend its products against Huawei Technologies' infringement claims in this case is subject to certain terms and conditions, but based on Huawei Technologies' complaint and information provided to date, there is insufficient grounds to conclude that those terms and conditions would preclude or negate these duties.

place. *Id.* No docket control or protective order has been entered. *Id.* The Court has not ruled on

T-Mobile's recently filed motion to dismiss (and NSN US does not oppose the relief requested in

that motion). *Id.* Thus, this case is at an early stage and intervention will cause no harm to

Huawei Technologies.

**Huawei Technologies Unjustifiably Opposes the Scope of the Intervention.** The only

dispute surrounding this motion concerns the scope of NSN's intervention. Plaintiff wishes to

keep NSN's counterclaims out of the case, but identifies pre-Federal Rules precedent to interpret

the Federal Rules in a manner that has been soundly rejected for the past 50 years. The dispute

between NSN and Huawei is not limited to NSN US's equipment supplied to T-Mobile that is

implicated by Huawei Technologies' claims. NSN and Huawei are engaged in negotiations

regarding the parties' respective cellular essential patent portfolios, and these discussions

necessarily involve both parties' patents that have been declared essential to cellular standards as

well as both parties' respective products that use the cellular standard technology (Kolakowski

Decl. ¶ 15). In the United States, the Huawei entity that supposedly provides those products is

Huawei Device USA, Inc., and NSN has named that entity as an additional defendant in its

counterclaims. Resolution of an appropriate royalty for Huawei's asserted patents should involve

consideration of how that royalty compares to the appropriate royalty for the patents asserted in

NSN's counterclaims. Consideration of NSN's counterclaims together with Huawei's claims will

ensure that is the case.

NSN is prepared to provide infringement charts and documents pursuant to Local Patent

Rules 3-1 and 3-2 upon the Court's grant of the instant Motion or as otherwise ordered by the

Court. Thus, no delay and no prejudice will result from the addition of NSN's counterclaims.

**ARGUMENT**

Federal Rule of Civil Procedure 24(a) governs intervention by right, while Rule 24(b) governs intervention by permission. The issue of intervention is not unique to patent law, and therefore, the law of the regional circuit applies. *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1328 (Fed. Cir. 2010) (reviewing a district court's Rule 24 intervention decision under regional circuit law). Fifth Circuit law requires the rule to be interpreted so that intervention is permitted where "no one would be hurt and the greater justice could be attained." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). NSN US is entitled to intervene as a matter of right and, therefore, requests that the Court grant the present motion under Rule 24(a)(2). In the alternative, NSN US requests the Court's permission to intervene under Rule 24(b).

**I.      NSN US IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)(2).**

Under Rule 24(a)(2), a movant must be permitted to intervene as a matter of right whenever four conditions are met:

(1) the application for intervention is timely;

(2) the applicant has an interest relating to the property or transaction which is the subject of the action;

(3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and,

(4) the applicant's interest is inadequately represented by the existing parties to the suit.

Fed. R. Civ. P. 24(a)(2); *Texas*, 805 F.3d at 657. This inquiry is "a flexible one," which "must be measured by a practical rather than technical yardstick." *City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 293 (5th Cir. 2012) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996) (en banc)).

### A.     NSN US's Motion to Intervene Is Timely.

Timeliness is determined from all the facts and circumstances of a particular case, including the time from notice of the intervenor's interest to the filing of the motion to intervene, the extent of prejudice to existing parties from the timing of the motion, the extent of prejudice to the movant if leave to intervene were denied, and other special circumstances (if any exist and apply). *Edwards*, 78 F.3d at 1000. NSN US's motion is timely filed.

Huawei Technologies filed the original complaint in this case less than five months ago (on January 15, 2016). Approximately three and a half months ago, on February 25, 2016, T-Mobile tendered its demand for indemnification. Kolakowski Decl. ¶ 13, Ex. 2. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376-77 (5th Cir. 2001) (reversing a district court's denial of intervention where the intervenor moved for intervention shortly after learning of its interest). Thus, NSN US's motion to intervene is filed close in time to the commencement of this action and to the time that NSN US was on notice of its interests. *See Edwards*, 78 F.3d at 1000-01 (citing Fifth Circuit intervention cases finding that delays as long as five months or more are not unreasonable); *Ericsson Inc. v. D-Link Sys., Inc.*, No. 6:10-cv-473, Dkt. No. 205 (E.D. Tex. May 4, 2012) (granting Intel's partially opposed motion to intervene filed five months after the scheduling conference took place and nearly one year into the case); *Sw. Bell Tel., L.P. v. Arthur Collins Inc.*, No. 3:04-cv-669, Dkt. No. 50 at 4 (N.D. Tex. Jan. 28, 2005) (granting intervention by right where motion was filed before scheduling order was in place).

The timing of NSN US's motion has not prejudiced any existing parties.[7] Huawei Technologies does not oppose the underlying intervention. This non-opposition underscores the

---

[7]     Of course, alleged prejudice stemming from the actual intervention by NSN is different from the alleged prejudice stemming from the timing of the motion to intervene. The former alleged prejudice is irrelevant to the timing inquiry under Rule 24(a)(2). *Edwards*, 78 F.3d at

lack of prejudice to any party. Further, Huawei Technologies has no basis to claim prejudice because this proceeding is at an early stage and no scheduling conference or other significant event has taken place. *Edwards*, 78 F.3d at 1001 (considering the stage of the proceeding under the timeliness inquiry); *see also TiVo Inc. v. AT & T Inc.*, No. 2:09-cv-259, Dkt. No. 41 at 7, 2010 WL 10922068, at *4 (E.D. Tex. Mar. 31, 2010) (finding no showing of "untimeliness" under Rule 24 and noting that the Court had neither held a scheduling conference nor issued a scheduling order). Given that claim construction is likely months away and trial is likely a year or more away, Huawei Technologies has no basis to claim prejudice from the timing of this motion.

      **B.**     **NSN US Has a Significant Interest in the Property and Transactions at Issue in This Lawsuit.**

A party is entitled to intervene in an action when it has "a direct, substantial, legally protectable interest in the proceedings." *Texas*, 805 F.3d at 657 (internal quotations omitted); *see also Glickman*, 256 F.3d at 376 (quoting cases). NSN US has such an interest in this action because NSN US manufactures, develops, and distributes key network architecture equipment of the type that Huawei Technologies alleges infringe the patents asserted in this case when deployed and used in T-Mobile's networks. As the developer and manufacturer of accused technology, NSN US has an interest in defending its technology and in clarifying the intellectual property rights that apply to such technology. *See Intellectual Ventures I LLC v. AT&T Mobility LLC*, 2014 WL 4445953, at *2 (D. Del. Sept. 8, 2014) (Stark, J.) ("[In a patent infringement suit,] intervention is necessary to enable Intervenors to protect their interest in products which Intervenors manufacture for Defendants, an interest put at risk by the litigation as Plaintiffs

---

1002 ("This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed.").

accuse these products of infringement."). Overall, NSN US's interest in the issues to be litigated in this case—such as claim interpretation, validity, infringement, and FRAND obligations—is direct, substantial, and legally protectable.

NSN US has an additional, direct, substantial, and legally-protectable interest in ensuring that any demanded indemnification is well-founded. *First Gibraltar Bank v. Bradley*, 1996 WL 556852, at *4 (5th Cir. Sept. 10, 1996) (unpublished) ("Given the agency's obligation to indemnify . . . , [the agency] had a concrete financial interest in the litigation that would justify its status as [an intervenor.]"). Given that NSN US is facing an indemnity demand from T-Mobile, NSN US also has a strong interest in ensuring that the claims of this action are fully and vigorously defended.

### C.       NSN US's Ability to Protect Its Interests Will Be Impaired if It Cannot Intervene.

NSN US would be severely prejudiced if intervention were denied. An adverse ruling of infringement would affect NSN US and its relationship with its customer T-Mobile due to the demanded indemnity. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("It is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."). Further, an adverse ruling could potentially affect NSN US's reputation, its relationship with its other customers, and its customer base. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, Dkt. No. 224 at 4 (E.D. Tex. May 10, 2010) ("Courts have held that beyond the injury that might arise from having to indemnify customers, a manufacturer such as [the intervenor] faces the loss of its customer base and reputation as a result of patent infringement allegations."). NSN US must be allowed to eliminate the cloud of uncertainty that Huawei Technologies has cast over NSN US's products and technology.

Moreover, an adverse decision could create precedent that could be used in other circumstances or proceedings against NSN US or its other customers. This potential "stare decisis effect of an adverse judgment constitutes a sufficient impairment to compel intervention." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 424 (5th Cir. 2002).

> ### D.    T-Mobile Cannot Adequately Represent NSN US's Interests in Defending Against Huawei Technologies' Infringement Allegations.

In the Fifth Circuit, a movant satisfies the requirement of showing inadequate representation if it demonstrates that the defense of the case by the existing parties may be inadequate to protect its interests. *Texas*, 805 F.3d at 661. The burden to satisfy this requirement has been described as "minimal," but not so minimal as to eliminate it. *Id.*

Here, although T-Mobile also seeks to defeat Huawei Technologies' allegations, NSN US has interests above and beyond those that it shares with T-Mobile. *See Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 422, 425 (5th Cir. 2002) (reversing a district court's denial of a motion to intervene and noting the intervenor had met its burden because "the [intervenor's] interests and [the defendant's interests] may diverge in the future, even though, at this moment they appear to share common ground"). For example, T-Mobile may be satisfied with indemnity rather than a finding of non-infringement. *Sw. Bell Tel.*, L.P., No. 3:04-cv-00669, Dkt. No. 50 at 5 (finding under the inadequate representation inquiry that manufacturer of cell phone equipment should be allowed to intervene because "[the original defendant], as a customer, may be satisfied with indemnity rather than a finding of noninfringement"). NSN US also possesses a broad and deep understanding of its own technology. Accordingly, it is the most important source of information about its products and keeper of potentially key, relevant documents and the sole keeper of its source code. It would be unfair to force T-Mobile to litigate the issues that NSN US best understands. *Id.* (finding under the inadequate representation inquiry that "the customer

would not be the best source for providing the detailed information about the [intervenor-manufacturer's] products"). Intervention promotes both fairness and judicial economy.

Given that NSN US has shown that all four conditions for Federal Rule of Civil Procedure 24(a) are met, NSN US is entitled to intervene as a matter of right.

## II.    IN THE ALTERNATIVE, NSN US SHOULD BE PERMITTED TO INTERVENE PERMISSIVELY.

NSN US alternatively requests the permission of the Court to intervene under Federal Rule of Civil Procedure 24(b), which permits a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact" and no undue delay or prejudice will result. Fed. R. Civ. P. 24(b)(1)(B); *TiVo Inc. v. AT & T Inc.*, 2010 WL 10922068, at *4 (E.D. Tex. March 31, 2010) (Folsom, J.). Moreover, permissive intervention "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940).

For the same reasons noted above, permissive intervention is appropriate. First, given that Huawei Technologies' complaint appears to be directed to network equipment that NSN US supplies to T-Mobile, NSN US's defenses will involve common questions of law and fact. *TiVo Inc.*, 2010 WL 10922068, at *4. As noted, the issues to be litigated in this case—such as claim interpretation, validity, infringement, and FRAND obligations—are common questions as to all parties. *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, Dkt. No. 224 at 3 (E.D. Tex. May 10, 2010) (identifying common questions of law and fact such as validity and infringement). Thus, the threshold requirement of Rule 24(b) is met.

Second, as noted above, Huawei Technologies does not oppose the underlying intervention, which both underscore a lack of prejudice. Further, no docket control order has

12

been entered, and NSN US does not expect any delay to result from its intervention. Thus, there will be no undue delay or prejudice.

Finally, permissive intervention is "wholly discretionary," and in the present case, judicial economy weighs in favor of intervention. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984). NSN US likely possesses the relevant evidence about the accused equipment it supplies to T-Mobile, including source code, product specifications, and testimony. NSN US likely possesses the technical know-how. Further, intervention will allow NSN US and Huawei to resolve the disputes in the context of the pending proceedings. Thus, intervention will streamline and simplify the litigation by facilitating discovery and promoting accurate presentation of the evidence. It would be inefficient to force T-Mobile to litigate the issues that NSN US best understands.

NSN US requests the Court's permission to intervene under Rule 24(b).

### III.   NSN SHOULD BE GRANTED LEAVE TO FILE COUNTERCLAIMS AND LITIGATE THOSE CLAIMS TOGETHER WITH HUAWEI'S CLAIMS.

NSN further seeks leave under Rule 24(b) to add counterclaims against Huawei. Federal Rule of Civil Procedure 13(b) permits NSN to "state as a counterclaim against an opposing party any claim that is not compulsory," and Rules 13(h) and 19(a)-(b) allow joinder of an additional party in counterclaims. Fed. R. Civ. P. 13(b) & (h), 19(a)-(b). NSN's counterclaims against Huawei and its US subsidiary fall squarely under the plain text of these rules, and the addition of the counterclaims promotes judicial economy and speedy resolution of the controversy.

In voicing its opposition to NSN's counterclaims, Huawei questioned whether the Court had authority to allow counterclaims by an intervenor and identified a pre-Federal Rules 1935 Supreme Court case, *Chandler & Price Co. v. Brandtjen & Kluge*, 296 U.S. 53 (1935). *Chandler*, however, does not limit the Court's authority to allow counterclaims by an intervenor

13

under the current Federal Rules. *Spangler v. United States*, 415 F.2d 1242, 1245 (9th Cir. 1969).

As explained in *Spangler*, "Prior to the adoption of the [Federal Rules of Civil Procedure] in

1937, old equity Rule 37 barred an intervenor from raising issues which were not 'subordinate'

to the original parties' pleadings. *No similar provision was carried over into the 1937 rules.*"

*Spangler v. United States*, 415 F.2d 1242, 1245 (9th Cir. 1969) (emphasis added).

The Second Circuit addressed the very same issue in the context of competing patent

infringement claims, and distinguished *Chandler* as "rendered prior to the Supreme Court's

enactment in 1938 of the Federal Rules," which were "designed to permit the speedy and

inexpensive litigation of controversies." *Stewart-Warner Corp. v. Westinghouse Elec. Corp.*, 325

F.2d 822, 827 (2d Cir. 1963). The court noted the policy behind permissive counterclaims

brought by intervenors:

> The whole tenor and framework of the Rules of Civil Procedure preclude
> application of a standard which strictly limits the intervenor to those defenses and
> counterclaims which the original defendant could himself have interposed. Where
> there exists a sufficiently close relationship between the claims and defenses of
> the intervenor and those of the original defendant to permit adjudication of all
> claims in one forum and in one suit without unnecessary delay—and to avoid as
> well the delay and waste of judicial resources attendant upon requiring separate
> trials—*the district court is without discretion to deny the intervenor the
> opportunity to advance such claims.*

*Id.* (emphasis added). The court's decision allowing such patent infringement counterclaims did

"no more than aid in the effectuation of this scheme." *Id.*

In *Stewart-Warner*, the court noted that the claims and counterclaims "involve the

validity of three patents in the field of photoelectric line scanning and line tracing equipment,

whether any party has infringed the patent rights of another, and the legality of certain

competitive acts." *Id.* at 826. The court further acknowledged that in determining infringement of

the plaintiff's claims, "the district judge would necessarily gain the understanding of that

14

machinery which would be required for an adjudication" of the intervenor's claims "which allegedly describe substantially similar equipment." *Id.*

Similarly, Huawei and NSN's claims involve the validity of multiple patents relating to LTE cellular technology and the interaction between mobile phones and the network equipment implementing that technology, whether any party has infringed the patent rights of the other, and the appropriate royalties due for any infringement. Litigating such similar claims before the same court prevents extensive duplicative efforts covering the background and inner workings of the technology at hand.

If NSN's counterclaims were severed or NSN were forced to file separate lawsuits, it would require *eight jury trials to resolve a single controversy between these two parties over essential patents*. NSN's patents relate to LTE cellular technology (just as Huawei's patents). NSN's patents relate to the 3GPP LTE standards (just as Huawei's patents). And both NSN's patents and Huawei's patents have been declared essential to the 3GPP standards and implicate FRAND issues. "Economy of judicial time, expense to the parties, the time of witnesses, and every consideration for the proper and expeditious settlement of disputes" impel the adjudication of both Huawei and NSN's infringement claims together. *Stewart-Warner*, 325 F.2d at 826.

## CONCLUSION

For the reasons stated above, NSN US is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). In the alternative, NSN US requests permission of the Court to intervene under Federal Rule of Civil Procedure 24(b).

Dated: June 10, 2016

By: ___*/s/ Deron Dacus*___

Deron Dacus
State Bar No: 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430

Tyler, TX   75701
(903) 705-1117
(903) 581-2543– Facsimile
Email: ddacus@dacusfirm.com

*Attorney for Movant-Intervenors Nokia
Solutions and Networks US LLC and Nokia
Solutions and Networks Oy.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rules CV-7(h) and (i), counsel for NSN, Deron Dacus, met and conferred with counsel for the T-Mobile Defendants, namely Steve Hollinger and Mark Selwyn.  T-Mobile has yet to identify for Movant whether it opposes its Motion.  T-Mobile asks for further time to review this filing.  Mr. Dacus met and conferred with counsel for Huawei Plaintiffs, namely Jane Du.  The Huawei Plaintiffs partially oppose the relief sought in this motion. Specifically, Huawei opposes the counterclaim relief sought.

Dated: June 10, 2016                    */s/ Deron R. Dacus*_____
                                              Deron R. Dacus

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all counsel of record via electronic mail in accordance with Local Rule CV-5(a).

Dated: June 10, 2016                    */s/ Deron R. Dacus*_____
                                              Deron R. Dacus