IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § § | Case No. 2:16-CV-00052-JRG-RSP |
| v. | § § | Case No. 2:16-CV-00055-JRG-RSP Case No. 2:16-CV-00056-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC., | § § § | Case No. 2:16-CV-00057-JRG-RSP |

**REPORT AND RECOMMENDATION**

On January 15, 2016, Huawei filed four separate complaints against T-Mobile, alleging infringement of thirteen patents.[1] Each complaint alleges that T-Mobile directly and indirectly infringes the asserted patents and includes allegations of willful infringement. *See, e.g.*, Case No. 2:16-CV-00052, Dkt. No. 1. T-Mobile moves to dismiss each complaint, contending that Huawei's allegations fail to meet the pleading requirement.[2] Because the allegations in each complaint and T-Mobile's grounds for dismissal are substantially the same, T-Mobile's motions are addressed in single Report. For the reasons explained below, T-Mobile's motions should be denied.

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible

---

[1] *See* Case No. 2:16-CV-00052, Dkt. No. 1 (U.S. Patent Nos. 8,069,365, 8,719,617, 8,867, 339, and 9,235,462); Case No. 2:16-CV-00055, Dkt. No. 1 (U.S. Patent Nos. 8,531,971, 8,798,575, 8,325,675, 8,908,627); Case No. 2:16-CV-00056, Dkt. No. 1 (U.S. Patent Nos. 8,537,779, 8,031,677, 8,638,750); Case No. 2:16-CV-00057, Dkt. No. 1 (U.S. Patent Nos. 9,060,268, 8,625,527).

[2] *See* Case No. 2:16-CV-00052, Dkt. No. 24; Case No. 2:16-CV-00055, Dkt. No. 25; Case No. 2:16-CV-00056, Dkt. No. 26; Case No. 2:16-CV-00057, Dkt. No. 25.

claim, Huawei must plead facts to allow a court to draw a reasonable inference that T-Mobile is liable for the alleged patent infringement. *See id.* (citing *Twombly*, 550 U.S. at 556). At this stage, a court accepts all well-pleaded facts as true, and views those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

### A. Direct Infringement Allegations

On December 2, 2015, the authority governing the pleading standard for direct patent infringement changed. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337, 1337 n.2 (Fed. Cir. 2016). While Federal Rule of Civil Procedure 84 and Form 18 controlled pleadings for direct patent infringement claims alleged in cases filed on or before December 1, 2015, the *Iqbal/Twombly* standard governs patent infringement pleadings filed thereafter. *See id.* at 1337 n.2; *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL 6561566, at *2 (M.D. Ga. Nov. 2, 2016) (collecting cases). Huawei filed its complaints on January 15, 2016, and there is no dispute that the *Iqbal/Twombly* standard applies.

While Form 18 no longer applies, the question is what difference there is, if any, between Form 18 and the *Iqbal/Twombly* standard. The latest guidance from the Federal Circuit comes from *Lyda v. CBS Corporation*. *See* 838 F.3d at 1339. Although the Court was evaluating a complaint filed before the abrogation of the Forms and Rule 84, the Court addressed joint infringement claims that were not governed by Form 18 because those claims required additional elements not contemplated by the Form. *Id.* A claim for joint infringement, according to the Court, "requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that

2

performance of every step is attributable to the controlling party." *Id.* (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)).

On one hand, *Lyda*'s assessment of joint infringement claims seems consistent with Form 18. The reason Form 18 did not apply to joint infringement claims was because Form 18 did not include a statement of all the elements of the joint claim, not because Form 18 lacked sufficient detail for the direct infringement part of a joint claim. *See id.* The allegation exemplified by Form 18—that a party is "making, selling, and using" a specific device "embodying the patent" is a factual allegation that, if true, plausibly gives rise to a claim for infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Infringement is, after all, a question of fact. *Eli Lilly & Co., v. Teva Parenteral Medicines, Inc.*, No. 2015-2067, 2017 WL 117164, at *3 (Fed. Cir. Jan. 12, 2017).

Form 18 appears consistent with the *Iqbal*/*Twombly* standard inasmuch it required something in between "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *see Iqbal*, 556 U.S. at 678, and detailed infringement contentions. Identifying facts such as "making, selling, or using" a specific device is more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *See Iqbal*, 556 U.S. at 678 (2009). By stating a specific act of infringement and a specific device, Form 18 did more than conclude that "this defendant infringed my patent." Finally, Form 18 was consistent with the purpose of the complaint—to provide notice of what the claim is, the grounds upon which it rests, and to limit the scope of the action going forward. *Twombly*, 550 U.S., at 555; *Lodsys Grp., LLC v. Brother Int'l Corp.*, No. 2:11-CV-00090-JRG, 2013 WL 5353004, at *2 (E.D. Tex. Sept. 24, 2013).

On the other hand, *Lyda* suggests that slightly more detail than what was specified in Form 18 is required, at least for a joint infringement claim. And there is no good reason why

more detail should be provided for the direct infringement *element* of a joint infringement claim than is required for an ordinary direct infringement *claim*. For the direct infringement element of a joint infringement claim, *Lyda* specified that the facts alleged should be sufficient to "allow a reasonable inference that *all steps* of *the claimed method* are performed." 838 F.3d at 1339 (emphasis added). Thus, while Form 18 requires factual allegations that a device embodies "the patent," *Lyda* appears to require factual allegations sufficient to give rise to a plausible inference that a device meets *all elements* of a *specific claim*. *See id.*

It is not necessary to announce a floor for the direct infringement pleading standard in this case because Huawei's allegations satisfy the *Lyda* and *Iqbal*/*Twombly* standards. Huawei's complaints identify specific claims of each patent alleged to be infringed. *See*, *e.g.*, Case No. 2:16-CV-00052, Dkt. No 1 ¶¶ 44, 56, 68, 80. The complaints identify T-Mobile's wireless networks that allegedly infringe and explain at least in general terms how the infringement allegedly occurs—the accused networks "enable reliability and disaster tolerance," "enable recovery of a connection," and "enable management of tunnel connections." *Id.* Huawei also identifies specific network components that are allegedly involved in T-Mobile's infringement. *Id.* ¶ 21. These allegations are sufficient to state a claim for direct infringement.

Huawei leaves out details regarding the accused networks, as T-Mobile points outs, but the parties do not dispute that at least some of these details are not publicly available. In a case involving allegations governed by Form 18, the Federal Circuit recognized a plaintiff should not be barred at the dismissal stage "when the operation of [the accused] systems is not ascertainable without discovery." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013). There is no reason to think that the Federal Circuit's view would be different under the *Iqbal*/*Twombly* standard given the Court's primary concern: "A defendant

4

cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible." *Id.*

### B. Induced and Contributory Infringement Allegations

To state a claim for induced infringement, Huawei must allege facts to support that T-Mobile had knowledge of or was willfully blind to the fact that the asserted patents existed and that third-party acts, if taken, would constitute infringement of the patents. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766-70 (2011).

Huawei's complaints adequately plead knowledge. Huawei alleges that T-Mobile knew of the asserted patents "since at least the filing of this action." *See*, *e.g.*, Case No. 2:16-CV-00052, Dkt. No 1 ¶¶ 51, 63, 75, 87. This Court has held such allegations sufficient to state a claim for induced infringement. *See, e.g.*, *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014) ("[B]ecause [the plaintiff] has alleged post-suit knowledge, it has properly pled induced infringement with respect to [accused] phones distributed after service of the Complaint."); *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-cv-00294-JRG-RSP, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013) (stating that "there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement").

Similarly, the complaints include sufficient allegations supporting an inference that T-Mobile knew that acts of third-parties, if carried out, would constitute infringement. For example, the complaints include allegations that T-Mobile takes "active steps to induce infringement of . . . at least claims 14, 15, and/or 17-24 of the '462 patent by others, including its customers, network users, and authorized resellers." *See*, *e.g.*, Case No. 2:16-CV-00052, Dkt. No

1 ¶ 83. Huawei's complaints also detail third party benefits of T-Mobile's alleged unlicensed activities, which includes allowing third party network providers access to its accused back-end networks. *See id.* at ¶ 19. This access allegedly provides T-Mobile with increased revenue through "rental income from leasing space on wireless communication towers to third parties." *Id.* Huawei's complaints therefore adequately state a claim for induced infringement.

While the elements of contributory infringement are slightly different than induced infringement, Huawei's allegations are adequate to state a claim for contributory infringement for similar reasons. Huawei's complaints identify the service plans, mobile devices, and SIM cards provided by T-Mobile that, when used in conjunction with T-Mobile's wireless networks, allegedly infringe the asserted patents, and that the plans, devices, and cards are especially made or adapted for use with T-Mobile's wireless networks in a manner that is allegedly infringing. *See, e.g.*, Case No. 2:16-CV-00052, Dkt. No 1 ¶¶ 49, 61, 73, 85. Such allegations are sufficient. *See, e.g.*, *Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148, 2010 WL 1409245 at *4 (holding contributory infringement claims sufficiently pled where plaintiff alleged defendants made an embodying device and sold it to customers, stating, "Defendants argue that [plaintiff] failed properly to allege additional facts that are required to prove claims for inducing infringement, contributory infringement. [T]hose additional facts are not required by *Iqbal*.").

### C. Willful Infringement Allegations

The parties' arguments regarding Huawei's willful infringement allegations address the now-obsolete *Seagate* test, which required an assessment of objective likelihoods and risks. *See* 497 F.3d 1360, 1371 (Fed. Cir. 2007), *abrogated by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). *Halo* simply requires culpable infringement behavior, characterized as

"willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932.

While Huawei's complaints are not phrased in the language of *Halo*, the allegations at least give rise to a plausible inference that T-Mobile engaged in culpable infringement behavior. Huawei alleges that it contacted T-Mobile 18 months prior to filing these lawsuits, seeking to negotiate a license to Huawei's patent portfolio. *See, e.g.*, Case No. 2:16-CV-00052, Dkt. No 1 ¶ 28. Huawei allegedly informed T-Mobile that its services infringed Huawei's intellectual property rights and sought to enter a non-disclosure agreement to permit the parties to discuss Huawei's Licensing Program and its detailed analyses of T-Mobile's infringement. *Id.* T-Mobile allegedly refused to negotiate or sign an agreement. *See id.* ¶¶ 29-31.

T-Mobile contends that Huawei fails to allege requisite pre-suit knowledge of infringement. *See, e.g.*, Dkt. No. 24 at 24. But *Halo* eliminated *Seagate*, and there is nothing in *Halo* suggesting that pre-suit knowledge is required for willfulness. In fact, *Halo* recognizes that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S. Ct. at 1933. Culpability can arise pre- or post-suit—the scienter requirement is the same in either instance. The contrary conclusion would permit the very type of culpable behavior admonished by the Supreme Court in *Halo* simply because of timing. Such a conclusion is inconsistent with the flexibility provided by *Halo* and the elimination of the *Seagate* test.

## CONCLUSION

T-Mobile's motions to dismiss should be denied. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the

7

district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 20th day of February, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE