IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD,**<br><br>Plaintiff,<br><br>v.<br><br>**T-MOBILE US, INC. and T-MOBILE USA, INC.**<br><br>Defendants.<br><br>**NOKIA SOLUTIONS AND NETWORKS US LLC and NOKIA SOLUTIONS AND NETWORKS OY,**<br><br>**TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC.,**<br><br>Intervenors. | Case No. 2:16-cv-00052-JRG-RSP<br>Case No. 2:16-cv-00055-JRG-RSP<br>Case No. 2:16-cv-00056-JRG-RSP<br>Case No. 2:16-cv-00057-JRG-RSP |

## ADDENDUM TO PROTECTIVE ORDER

The following additional paragraphs supplement and shall constitute a part of the Court's Protective Order entered in Case Nos. 2:16-cv-00052, 2:16-cv-00055, 2:16-cv-00056, and 2:16-cv-00057 currently pending in the United States District Court for the Eastern District of Texas (collectively, the "Actions").[1]

For good cause having been shown, this Court finds that non-party Cisco Systems, Inc. ("Cisco") is entitled to protection of its confidential documents, information, and things and the

---

[1] *See* Protective Order, Case No. 2:16-cv-00052, Dkt. No. 93; Protective Order, Case No. 2:16-cv-00055, Dkt. No. 94; Protective Order, Case No. 2:16-cv-00056, Dkt. No. 96; Protective Order, Case No. 2:16-cv-00057, Dkt. No. 94 (collectively, the "Protective Order").

testimony of its employees in accordance with the terms of this Addendum To Protective Order ("Addendum") as follows:

**1. Scope of Protection.**

1.1     The term "Party" or "Parties" as used in this Addendum shall refer to the parties in the Actions.

1.2     This Addendum shall govern any information, document or thing designated pursuant to paragraph 2 of this Addendum, produced by Cisco and its current and former employees in response to any subpoena issued out of this Court in connection with the Actions and any other Cisco information, documents or things produced by other parties or non-parties and designated by Cisco pursuant to paragraph 2 of this Addendum, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, documents and other discovery materials and things, whether produced informally or in response to subpoenas or other formal method of discovery.

1.3     This Addendum shall be binding upon Cisco and the Parties to the Actions and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**2. Designation.**

2.1     Cisco shall have the right to designate as "Restricted - Attorneys' Eyes Only - Limited Disclosure," restricted to review by those specified in Paragraph 3 herein, any information, document or thing produced by Cisco or any party or non-party to the Action which contains, reflects, or otherwise discloses Cisco's confidential technical, business and/or financial information.  This designation shall be made by marking each page or thing containing Confidential information with the legend RESTRICTED - ATTORNEYS' EYES ONLY - LIMITED DISCLOSURE (or like designation) prior to its production or, if inadvertently produced without such legend, pursuant to the procedure set forth in Paragraph 4 of the Protective Order entered in the Actions.

2.2     Information, documents, or things designated as "Restricted - Attorneys' Eyes Only - Limited Disclosure" shall be considered DESIGNATED MATERIAL as defined in paragraph 3 of the Protective Order and treated as such under the Protective Order.

**3. Disclosure Of Designated Information.**

Information, documents or things designated "Restricted - Attorneys' Eyes Only -Limited Disclosure" shall be disclosed by the recipient thereof only to:

- (a)     outside counsel of record in the Actions for Plaintiff Huawei Technologies Co. Ltd ("Huawei") and Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. ("T-Mobile");

- (b)     employees of outside counsel for Huawei and T-Mobile assigned to and reasonably necessary to assist such counsel in the litigation of the Actions;

- (c)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party)[2] retained by Huawei and T-Mobile for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties for purposes other than this Action; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A to the Protective Order and the same is served upon the Cisco with a current curriculum vitae of the consultant or expert at least ten (10) days before access to Cisco's Protected Material is to be given to that consultant. Cisco may notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. Cisco and the receiving Party agree to promptly confer and use good faith to resolve any such objection. If the objection cannot be resolved, Cisco may file a motion with the Court within fifteen (15) days of the notice, or within such other time as Cisco and the receiving Party may agree, seeking a protective order with respect to the proposed disclosure. Cisco shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

---

[2] For the purposes of this Order, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis and such consultant's or expert's direct reports and other support personnel need not submit separate Undertakings.

- (d) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services including mock jurors, and photocopy, document imaging, and database services retained by counsel for Huawei and T-Mobile and reasonably necessary to assist counsel for Huawei and T-Mobile with the litigation of the Actions; and

- (e) the Court and its personnel.

**4. Challenge To Designation.**

If a Party seeks de-designation of particular items containing Cisco confidential information from "Restricted - Attorneys' Eyes Only - Limited Disclosure," as set forth herein, to "Confidential" or "Restricted – Attorneys' Eyes Only," as set forth in the Protective Order, the following procedure shall be utilized:

(a) The Party seeking such de-designation shall give counsel for Cisco written notice thereof specifying the designated information as to which de-designation is sought and the reasons for the request; and

(b) If Cisco and the Party seeking de-designation cannot reach agreement concerning the matter within five (5) business days after the delivery and receipt of the notice, then the Party requesting the de-designation may file and serve a motion for a further order of this Court directing that the designation shall be so removed. Cisco shall be allowed to respond to the motion, with the timing and requirements of briefing on such motion following the Court's standard procedures relating to discovery motions. On any such motion, the burden of proof shall lie with the requesting Party to show a substantial need for the particular items containing Cisco confidential information that cannot otherwise be met.

**SIGNED this 26th day of February, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE