IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**T-MOBILE US, INC.** and **T-MOBILE USA, INC.,**<br><br>Defendants,<br><br>**NOKIA SOLUTIONS AND NETWORKS US LLC, NOKIA SOLUTIONS AND NETWORKS OY, TELEFONAKTIEBOLAGET LM ERICSSON,** and **ERICSSON INC.**<br><br>Intervenors. | Civil Action No.  2:16-cv-00052-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD'S
OPPOSITION TO DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES**

**INTRODUCTION**

Defendants seek partial summary judgment of no pre-suit damages, alleging that no genuine issues of material fact exists as to whether Huawei sold "patented articles" that it failed to mark pursuant to Section 287 of the Patent Act.  Defendants' motion should be denied.

This case involves four patents: the '365 patent, the '617 patent, the '339 patent, and the '462 patent.  As a preliminary matter, T-Mobile's motion should be denied as moot for the '365, '617, and '462 patents because Huawei is not seeking pre-suit damages for those patents.  As to the only patent for which there is an actual dispute (the '339 patent), Huawei is entitled to seek

1

pre-suit damages on the asserted method claims because the marking statute, which does not require marking for patented methods, must be applied on a claim-by-claim basis.

## COUNTER-STATEMENT OF ISSUES TO BE DECIDED

1. Whether Defendants' motion as to the '365, '617, and '462 patents is moot because Huawei is not seeking pre-suit damages for these patents.

2. Whether Huawei is entitled to seek pre-suit damages for the asserted method claims of the '339 patent because the Patent Act's marking requirement applies on a claim-by-claim basis and does not require marking for method claims.

## COUNTER-STATEMENT OF UNDISPUTED FACTS

As relevant to Huawei's arguments below, it is undisputed that Huawei is not seeking pre-suit damages for T-Mobile's infringement of the asserted claims of the '365 and '617 patents. *See* D.I. 256-2 at 6. Additionally, although Huawei's damages expert calculated pre-suit damages for T-Mobile's infringement of the '462 patent, Huawei hereby withdraws its claim for pre-suit damages with respect to this patent. It is also undisputed that Huawei is asserting both method and apparatus/systems claims of the '339 patent.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is

"genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## ARGUMENT

I. **SUMMARY JUDGMENT IS INNAPROPRIATE AS TO THE '365, '462, AND '617 PATENTS BECAUSE HUAWEI IS NOT SEEKING PRE-SUIT DAMAGES FOR T-MOBILE'S INFRINGEMENT OF THOSE CLAIMS**

Huawei is not seeking pre-suit damages for T-Mobile's infringement of the '365 and '617 patents. As to these two patents, Defendants are asking this court for a judgment where there is no dispute. As any judgment entered on these patents would amount to an advisory opinion, Defendants' motion as it relates to these two patents should be denied. Additionally, although Huawei's damages expert calculated pre-suit damages for T-Mobile's infringement the '462 patent, Huawei hereby withdraws any claim for pre-suit damages with respect to this patent. Defendants' motion therefore should also be denied as moot for this patent as well.

II. **HUAWEI IS ENTITLED TO SEEK PRE-SUIT DAMAGES FOR T-MOBILE'S INFRINGEMENT OF THE ASSERTED METHOD CLAIMS OF THE '339 PATENT**

Section 287 of the patent act bars a patentee from seeking pre-suit damages when, without proof of actual notice, a patentee fails to mark its "patented articles" in ways laid out by the statute. *See* 35 U.S.C. § 287(a). The marking statute, however, "does not apply to method claims because ordinarily there is nothing to mark." *Soverain Software LLC v. Amazon.com,*

3

*Inc.*, 383 F. Supp. 2d 904, 908 (E.D. Tex. 2005). Therefore, as the Federal Circuit has found, a patentee is not barred from seeking pre-suit damages regardless of whether it marked its products when it asserts only method claims, even if the asserted patent contains both method and apparatus claims, and even if the patentee sells products that substantially embody the method claims. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009); *Hanson v. Alpine Valley Ski Area*, 718 F.2d 1075, 1083 (Fed. Cir. 1983). This is true regardless of whether apparatus claims are asserted in other, related patents, or whether the method claims are directed to merely using an apparatus claimed by other claims. *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1335 (Fed. Cir. 2012).[1]

The logic of these cases applies with equal force to Huawei's allegations of infringement as to the method claims of the '339 patent because, as with infringement and validity, the analysis of whether a patentee's failure to mark precludes pre-suit damages should be determined on a claim-by-claim basis.

This is not the first time this Court has been asked to decide this issue. A patentee made a similar argument in a recent case in which the patentee had entirely disclaimed its asserted apparatus claim after defendants had filed a motion for partial summary judgment of no pre-suit

---

[1] Defendants incorrectly contend that "[i]f an asserted patent contains both method and apparatus claims (mixed patent) and there is a 'tangible item to mark by which notice of the asserted method claims can be given, a party is obligated to do so if it intends to avail itself of the constructive notice provisions of section 287(a)'"—relying on and quoting from *American Medical Systems v. Medical Engineering Corp.,* 6 F.3d 1523, 1538 (Fed. Cir. 1993). *E.g.*, -52 Mot. at 4. The Federal Circuit has explicitly rejected this argument and this over-reading of the *American Medical* case. In *Crown Packaging*, a defendant argued this exact point, relying on the same portions of the same case on which the Defendants here rely. *See* 559 F.3d at 1316. The Federal Circuit, reversing a grant of summary judgment, rejected this argument. The panel found that, based on a case that pre-dated *American Medical*, "35 U.S.C. § 287(a) [does] not apply where the patentee only assert[s] the method claims of a patent which include[s] both method and apparatus claims." *Id.*

4

damages. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627971, at *3 (E.D. Tex. Feb. 9, 2015). Having found the patentee's disclaimer sufficient to remove the apparatus claim from the case and allow it to seek pre-suit damages, this Court declined to rule on the patentee's claim-by-claim theory. *See id.* Defendants appealed. Although the Federal Circuit disagreed with this Court's analysis as to the patentee's disclaimer, the Federal Circuit went out of its way to resurrect the patentee's "novel" claim-by-claim argument (even though it did not appear in the appeal briefs) and remanded to this Court "to address in the first instance whether the patent marking statute should attach on a patent-by-patent or claim-by-claim basis." Nothing came of the remand, though, because the patentee elected to not pursue pre-suit damages to "expedite the final resolution" of the suit in light of the impending expiration of the patents. *See* Notice of Rembrandt's Election to Forego Pre-Suit Damages, D.I. 377, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213.

   A claim-by-claim analysis is the correct approach to marking analysis. Such an approach is well-grounded in the statutory text. As noted above, Section 287 allows for a patentee to give constructive notice to the public that a "patented article" is patented by affixing the requisite mark. *See* 35 U.S.C. § 287(a). In the event that a patentee fails to mark this "patented article," the patentee may not receive pre-suit damages "in any action for infringement" except on proof of actual notice. *See id.* As one district court has already found, relying on the well-known doctrine of statutory interpretation *noscitur a sociis*, "[t]he phrase 'any action for infringement' must be read in the context of § 287(a) generally—there must be some referent upon which the 'action for infringement' is based." *Toro Co. v. McCulloch Corp.*, 898 F. Supp. 679, 684 (D. Minn. 1995). As that court correctly explained:

> The referent for the marking requirement is the "patented article," the logical referent for the infringement action should be the same "patented article."

> However, the term "patented article" does not necessarily include all "patented articles" which may arise under a patent. A device is a "patented article" under a patent when it contains all of the elements disclosed in any single claim of the patent. Since a patent may encompass several independent claims, there may be several distinct "patented articles" which arise under that patent, each of which may be the subject of an independent infringement action.

*Id.* at 683-84. This is because in terms of what counts as a "patented article" and an "action for infringement," as Judge Rich famously stated, the bedrock principle of American patent law is that "the name of the game is the claim." Giles Rich, *The Extent of the Protection and Interpretation of Claims—American Perspectives*, 21 Int'l Rev. Indus. Prop. & Copyright L. 497, 499, 501 (1990). The metes and bounds as to what counts as "patented" are the claims, and nothing else.

The claim-by-claim approach also comports with current Federal Circuit law. As noted above, even when a patent contains both method and apparatus claims, a patentee need not show compliance with section 287 to obtain pre-suit damages if the patentee only asserts method claims. *Crown Packaging*, 559 F.3d at 1316; *Hanson*, 718 F.2d at 1083. The rule set forth in *Crown Packaging* could not exist if the availability of pre-suit damages was determined on a patent-by-patent, rather than a claim-by-claim, basis.

Lastly, a claim-by-claim approach is consistent with the purpose of the marking statute. As the Federal Circuit has explained, "[t]he marking statute serves three related purposes: 1) helping to avoid innocent infringement; 2) encouraging patentees to give notice to the public that the article is patented; and 3) aiding the public to identify whether an article is patented." *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998) (internal citations omitted). As noted above, it is a bedrock principle of patent law that infringement will lie based only on the claims. Thus, when looking at whether a particular product is a "patented article" or

6

whether that product is available to the public to copy, that determination must be made based on the claims, and not based on the patent as a whole.

## **CONCLUSION**

For the reasons stated above, Defendants' motion for partial summary judgment of no pre-suit damages should be denied.

Dated:  August 7, 2017                                                                  Respectfully submitted,

By:  */s/ Jonathan J. Lamberson*
Ruffin Cordell
Texas Bar No. 04820550
cordell@fr.com
Richard A. Sterba
DC Bar No. 461417
sterba@fr.com
**FISH & RICHARDSON P.C.**
901 15th Street, NW, Suite 700
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Carl E. Bruce
Texas Bar No. 24036278
bruce@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Jane Du
Texas Bar No. 24076355
du@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

David Barkan
California Bar No. 160825
barkan@fr.com

Jonathan J. Lamberson
California State Bar No. 239107
lamberson@fr.com
**FISH & RICHARDSON P.C**.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Kevin Su
Massachusetts Bar No. 663726
su@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

**COUNSEL FOR PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 7, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jonathan J. Lamberson*
Jonathan J. Lamberson