# Exhibit 1

August 18, 2017
<u>VIA CM/ECF Filing</u>

Honorable Roy S. Payne
United States Magistrate Judge
Sam B. Hall, Jr. Federal Building and
  United States Courthouse
100 East Houston Street
Marshall, TX 75670

Re:   *Huawei Techs Co. Ltd. v. T-Mobile US, Inc.,* Nos. 2:16-cv-00052, -00055, -00056, -00057:  Defendant and Intervenors' Trial Management Proposal

Dear Judge Payne:

Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. ("T-Mobile") and Intervenors Nokia Solutions and Networks US LLC and Nokia Solutions and Networks Oy and Telefonaktiebolaget LM Ericsson and Ericsson Inc. (collectively, "Intervenors") respectfully submit this letter regarding management and scheduling of the upcoming trials in the four above-captioned cases.  T-Mobile and Intervenors propose trying the lowest-docketed case in October, followed by mediation and a case management conference – all in 2017.  In contrast, while Plaintiff Huawei Technologies Co. Ltd. ("Huawei") proposes trying the lowest-docketed case first, it further proposes trying the remaining three cases before the end of 2017.  Huawei's proposal places heavy burdens on this Court's resources, and is not practical by failing to account for the time needed to address post-trial motions, the resolution of which could affect the later cases.  For the reasons explained below, T-Mobile and Intervenors respectfully submit that their proposal optimizes efficiency and enhances the likelihood of only one trial, whereas Huawei's proposal is unworkable and inefficient.[1]

**I.   Background**

On January 15, 2016, Huawei brought four actions against T-Mobile alleging infringement of fourteen patents on network infrastructure technology that Huawei asserts are essential to the Long-Term Evolution (LTE) standard for wireless communication.  The Court subsequently granted Nokia's and Ericsson's motions to intervene in the actions.  After claim construction, Huawei indicated it would drop two of the asserted patents, and since the close of expert discovery, Huawei has indicated that it would drop another two patents, leaving ten patents, as well as T-Mobile's counterclaims regarding Huawei's failure to comply with its obligations to ETSI and its failure to offer FRAND license terms to T-Mobile, at issue across four cases.  The cases have been proceeding separately but on the same schedules.  Jury selection

---

[1]  On August 11, 2017 and again on August 15, counsel for T-Mobile and Intervenors met and conferred with counsel for Huawei to discuss trial management issues, particularly in view of the upcoming hearing on August 22, 2017.  The parties discussed T-Mobile and Intervenors' proposal set forth herein, and Huawei has rejected it.

for all four cases is scheduled for October 2, 2017. The Court has not set specific start dates for the trials in any of the four individual cases. Each of these cases involves complex technology, and many of the likely witnesses on both sides reside outside of the United States, which enhances the need for certainty regarding trial scheduling.

## II.     The Parties' Respective Proposals

The Court has discretion to determine trial procedure, including the sequence in which to try these cases. *See SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497, 2011 WL 3625036, at *16 (E.D. Tex. Aug. 17, 2011), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013) (citing *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009) ("A district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial.")).

Given the large number of cases, patents, and parties involved, T-Mobile and Intervenors propose, to the extent that the Court's schedule permits, that the lowest-docketed case (Case No. 2:16-cv-00052-JRG-RSP (the "-052 case")) proceed to trial first in early October 2017. This allows the parties to select a jury on October 2 as currently scheduled and also recognizes that the District's Annual Bench & Bar Conference is scheduled to occur on October 4-6. This also allows the parties to arrange for international travel for multiple witnesses by providing a date certain for the start of trial. T-Mobile and Intervenors further propose that post-verdict, and during the time in which the parties will be submitting post-trial motions, the Court order the parties to mediation. T-Mobile and Intervenors additionally request that the Court schedule a status conference following the mediation, at which time the Court and the parties can work to schedule the next trial, which will also involve witnesses traveling from outside of the country, should it be required. Finally, T-Mobile and Intervenors propose that the post-trial mediation and, if possible, the status conference occur before the end of 2017.

Huawei's proposal to try all four cases before the end of 2017, in addition to monopolizing over twenty-five percent of the Court's docket between October and December 31, is impractical and inefficient. T-Mobile and Intervenors' proposal is not. T-Mobile and Intervenors' proposal, moreover, unlike Huawei's, recognizes the time required for post-trial motions, which often take 60 days or more, and the effect disposition of those motions likely will have on the remaining cases. For example, because each case shares the same damages theory, post-trial motion practice will likely have a significant impact on the later cases.

Additionally, unlike Huawei's proposal, T-Mobile and Intervenors' proposal is consistent with the way in which the Court has managed multiple cases between the same parties. *See Core Wireless Licensing S.A.R.L. v. LG Electronics*, Case Nos. 2:14-cv911-JRG-RSP and 2:14-cv912-JRG-RSP (consolidated); Case No. 2:14-cv911-JRG-RSP, Dkt. 445 (E.D. Tex. Mar. 29, 2016) (*sua sponte* ordering the parties to post-verdict mediation following trial in the lowest-docketed case); *see also United States of Am. ex rel. Harman v. Trinity Indus. et al.*, 2:12-cv-0089, Dkt. No. 708 at 2 (E.D. Tex. June 3, 2015) (acknowledging its prior *sua sponte* order requiring the parties to engage in post-verdict mediation and recognizing the benefits of alternative dispute resolution and allowing the parties to mediate after a jury verdict for eight months). Clearly, if mediation following the trial of the -052 case is successful and no further trials are required, the Court and the parties will be spared the enormous amount of time and resources required to try three, additional complex patent infringement suits. The complexity of

The Honorable Roy Payne
August 18, 2017
Page 3

these cases is illustrated by the nearly two dozen motions across the four cases scheduled to be argued on August 22. Providing the parties with the opportunity to mediate and argue post-trial motions could help avoid the inefficiencies incurred though the simultaneous litigation of four cases between the same set of parties.

### III.    Conclusion

T-Mobile and Intervenors' proposal promotes judicial economy and conserves the parties' resources by eliminating the need for the parties to argue and the Court to resolve prior to October 2 the many complex pending motions in three of the four cases, and potentially obviating the need for trials in the three additional cases altogether, conserving an enormous amount of time and resources for the Court and the parties. Huawei's proposal does the opposite and results in substantial potential waste of resources for the parties and the Court.

Respectfully submitted,

By: /s/ Mark D. Selwyn

Mark D. Selwyn
(California Bar No. 244180)
Kathryn D. Zalewski (California Bar No. 263119)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94304
Tel: (650) 858-6000

Joseph J. Mueller
(Massachusetts Bar No. 647567)
Cynthia Vreeland
(Texas Bar No. 20625150
Massachusetts Bar No. 635143)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000

Josh A. Krevitt (New York Bar No. 2568228)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Mark N. Reiter (Texas Bar No. 16759900)
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

Ernest Y. Hsin (California Bar No. 201668)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8224
Fax: (415) 374-8436

Stuart M. Rosenberg (California Bar No. 239926)
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5389
Fax: (650) 849-5089

Michael E. Jones (Texas Bar No. 10929400)
Email: mikejones@potterminton.com
E. Glenn Thames, Jr. (Texas Bar No. 00785097)
Email: glennthames@potterminton.com
**POTTER MINTON, PC**
110 North College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

*Counsel for Defendants T-Mobile US,
Inc. and T-Mobile USA, Inc.*

/s/ John D. Haynes
John D. Haynes (Georgia Bar No. 340599)
Patrick J. Flinn (Georgia Bar No. 264540)
Michael C. Deane (GA Bar No. 498195)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.
Atlanta, Georgia 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777
Email: John.Haynes@alston.com
Email: Patrick.Flinn@alston.com
Email: Michael.Deane@alston.com

        Michael J. Newton (TX Bar No. 24003844)
        **ALSTON & BIRD LLP**
        2800 N. Harwood St., Suite 1800
        Dallas, Texas 75201
        Telephone: (214) 922-3400
        Facsimile: (214) 922-3899
        Email: Mike.Newton@alston.com
        Email: Derek.Neilson@alston.com

        M. Scott Stevens (North Carolina Bar No. 37828)
        Ross R. Barton (North Carolina Bar No. 37179)
        **ALSTON & BIRD LLP**
        Bank of America Plaza
        101 South Tryon Street, Suite 4000
        Charlotte, NC 28280-4000
        Telephone: (704) 444-1000
        Facsimile: (704) 444-1111
        Email: Scott.Stevens@alston.com
        Email: Ross.Barton@alston.com

        Deron R. Dacus (Texas State Bar No. 790553)
        **THE DACUS FIRM, P.C.**
        821 ESE Loop 323, Suite
        430 Tyler, TX 75701
        Telephone: (903) 705-1117
        Facsimile: (903) 581-2543

        *Counsel for Intervenors Nokia Solutions*
        *and Networks US LLC and Nokia Solutions*
        *and Networks Oy*


        /s/ Phillip B. Philbin
        Phillip B. Philbin
        LEAD ATTORNEY
        State Bar No. 15909020
        Jamie H. McDole
        State Bar No. 24082049
        Charles M. Jones II
        State Bar No. 24054941
        Michael D. Karson
        State Bar No. 24090198
        Matthew P. Chiarizio
        State Bar No. 24087294
        Tiffany M. Cooke
        State Bar No. 24087340

**HAYNES AND BOONE, LLP**
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
Email: phillip.philbin@haynesboone.com
jamie.mcdole@haynesboone.com
charlie.jones@haynesboone.com
michael.karson@haynesboone.com
matthew.chiarizio@haynesboone.com
tiffany.cooke@haynesboone.com

Jason T. Lao
California State Bar No. 288161
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Tel.: (949) 202-3051
Fax: (949) 202-3151
Email: jason.lao@haynesboone.com

*Counsel for Intervenors*
*Telefonaktiebolaget LM Ericsson and*
*Ericsson Inc.*