**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD., | |
| Plaintiff, | Civil Action No. 2:16-cv-00052-JRG-RSP |
| v. | |
| T-MOBILE US, INC. AND T-MOBILE USA, INC. | Jury Trial Demanded |
| Defendants, | |
| NOKIA SOLUTIONS AND NETWORKS US LLC AND NOKIA SOLUTIONS AND NETWORKS OY, | |
| TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC., | |
| Intervenors. | |

**DEFENDANTS'/INTERVENORS' SUR-REPLY TO HUAWEI'S MOTION TO STRIKE
PORTIONS OF DR. SRINIVASAN SESHAN'S REBUTTAL REPORT**

**TABLE OF CONTENTS**

**Page**

I.     T-Mobile's Non-Infringement Theories Were Properly Disclosed ................................... 1

II.     T-Mobile's Prosecution History Estoppel Theories Were Properly Disclosed .................. 3

III.    Conclusion .............................................................................................................................. 4

Huawei still cannot show any basis for the draconian remedy of striking almost the entirety of T-Mobile's non-infringement defenses. Huawei fails to distinguish the case law of the Fifth Circuit and this District under which its Motion should conclusively be denied.

## I.   T-Mobile's Non-Infringement Theories Were Properly Disclosed

As T-Mobile explained in its Opposition, T-Mobile answered Huawei's interrogatories regarding non-infringement by objecting to the interrogatories as prematurely seeking expert opinions and as overbroad, by identifying the '339 claim limitations that it contends are not embodied in T-Mobile's accused networks, and by then supplementing its response with an identification of relevant documents. Opp'n at 3-4. If Huawei felt it needed a more detailed explanation of T-Mobile's non-infringement defenses during fact discovery, "the appropriate remedy was to file a motion to compel a response." *PerdiemCo, LLC. v. Industrack LLC*, No. 2:15-CV-00727-JRG-RSP, 2016 WL 8135383, at *2 (E.D. Tex. Oct. 25, 2016).

The law in this District is that parties are "not entitled to obtain early disclosure of expert opinions via interrogatory." *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-CV-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015); Opp'n at 5 (citing additional cases). Significantly, Huawei does not dispute that it provided the "the same level of detail" in response to T-Mobile's corresponding interrogatories regarding validity, and similarly objected to the validity interrogatories on the ground that they called for "expert opinions." *See* Opp'n at 4; Reply at 2-3. Both T-Mobile and Huawei were thus operating under the same understanding of this clear precedent, and both parties thus certainly knew that the expert reports would contain significantly more detail than the interrogatory response. Huawei's claim that it was surprised by the level of detail in Dr. Seshan's rebuttal reports simply is not credible and does not provide any basis for the extreme remedy that it seeks. *See* Reply at 1, 3, 5.

T-Mobile's Sur-Reply to Huawei's Motion to Strike Portions of Dr. Seshan's Rebuttal Report   1

Huawei's attempts to distinguish *PerDiem* are meritless. Huawei states that in *PerDiem*, "the defendant eventually supplemented its responses" and "that did not happen here." Reply at 2. But as explained above and in T-Mobile's Opposition, T-Mobile supplemented its responses to specify relevant documents. Opp'n at 3 (citing Mot. Ex. B (02/13/2017 T-Mobile Suppl. Resp. to Huawei Interrog. Nos. 3-6, 8, 16)). And contrary to Huawei's contention that this is "not a case where a party simply stood on its objection to a contention interrogatory, and the propounding party did nothing" (Reply at 3), that is the exact situation here. Huawei never moved to compel further responses from T-Mobile. That Huawei sent an email "complaining about the sufficiency of" T-Mobile's disclosure (*id.* at 2), yet never followed through with a motion to compel, shows that Huawei either concluded that it had the information it needed during fact discovery or simply sat on its hands. Thus, as in *PerDiem*, Huawei's motion to strike should be denied.

*Lake Cherokee Hard Drive Tech., LLC v. Marvell Semiconductor, Inc.* does not compel a different result. In that case, the Defendant's expert report was *directly inconsistent* with Defendant's interrogatory responses, because those responses delineated specific theories and the expert's report provided different theories. Mot. Ex. H at 91:5-94:7. In contrast, Dr. Seshan is relying on the exact limitations identified in T-Mobile's interrogatory responses as not being present in its accused networks. Furthermore, in *Lake Cherokee*, Plaintiff stated that it did not file a motion to compel because it thought Defendant's interrogatory responses were sufficient. Mot. Ex. H at 91:17-92:11. Here, it is Huawei's apparent position that T-Mobile's interrogatory responses were not sufficient, and as a result, it was incumbent on Huawei to file a motion to compel during fact discovery when T-Mobile would have had an opportunity to revisit its interrogatory responses rather than suffer the draconian sanction Huawei now seeks of stripping T-Mobile of its non-infringement defenses.

T-Mobile's Sur-Reply to Huawei's Motion to Strike Portions of Dr. Seshan's Rebuttal Report   2

Apparently abandoning its original prejudice argument (Mot. at 8), Huawei does not even attempt to respond to T-Mobile's showing that Huawei mischaracterized Dr. Seshan's opinions as "new" non-infringement opinions or "claim construction opinions." Opp'n at 7-8. Indeed, Huawei points to no prejudice with respect to Dr. Seshan's non-infringement opinions other than the fact that "Huawei should be afforded the right to address the issues on its own in the first place." Reply at 5. But Dr. Seshan's non-infringement opinions are *rebuttal* opinions in response to Huawei's expert opinions on infringement. Huawei is not entitled to respond to the rebuttal opinions of T-Mobile's experts in Huawei's opening reports.[1]

## II. T-Mobile's Prosecution History Estoppel Theories Were Properly Disclosed

T-Mobile explained in its Opposition that it disclosed its prosecution history estoppel defense in its Answer, and objected to Huawei's overbroad Interrogatory No. 20 requesting all factual and legal support for T-Mobile's affirmative defenses. Opp'n at 9. Huawei again claims "surprise" that T-Mobile would rely on prosecution history estoppel in response to Huawei's infringement theories against T-Mobile's LTE networks. Reply at 3. But as discussed above and in T-Mobile's opposition, if Huawei felt it needed more detail on this subject, it was incumbent upon Huawei to move to compel during the fact discovery period. Opp'n. at 9-10. Furthermore, Huawei's contention that it is surprised by the details of T-Mobile's prosecution history estoppel theories is not credible. Prosecution history estoppel applies only to limit a patentee's use of the doctrine of equivalents, and only to claim limitations that were added during prosecution. Here, only one set of limitations was added during prosecution—limitations requiring the sending or receiving of "update PDP context requests" and "RAB assignment requests"—and these are the

---

[1] In any event, Huawei had the opportunity to question Dr. Seshan on his noninfringement opinions during his deposition, and will have the opportunity to cross examine him at trial. Opp'n at 8-9.

exact limitations Dr. Nettleton opines are infringed under the doctrine of equivalents. Opp'n at 10-11. Thus, Huawei's protestation of surprise is implausible.

Huawei is not prejudiced by Dr. Seshan's prosecution history estoppel opinions. Whether prosecution history estoppel applies is purely a legal determination based on the Court's interpretation of the intrinsic record. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 344 F.3d 1359, 1366-67 (Fed. Cir. 2003) (en banc). No additional fact discovery is necessary to address this defense as it hinges on the nature of the amendment made during prosecution and the legal determination of the extent of claim scope that was surrendered as a result of that amendment. Huawei had a full opportunity to depose Dr. Seshan on his prosecution history estoppel opinions and will again cross-examine him at trial. Further, Dr. Nettleton had an opportunity to respond to those opinions at his own deposition.

Huawei asserts that T-Mobile "seeks motions *in limine* that would prohibit Huawei from raising any issues regarding…the doctrine of equivalents." Reply at 5. But T-Mobile's motions *in limine* seek only to preclude "testimony from experts *not disclosed* in their expert reports" (Reply Ex. B at 1) (emphasis added).[2] Finally, any prejudice to Huawei is of Huawei's own making. T-Mobile properly disclosed its prosecution history estoppel defense, and Dr. Nettleton failed to address that defense in his expert report.

### III. Conclusion

For the foregoing reasons and the reasons set forth in T-Mobile's Opposition, T-Mobile requests that the Court deny Huawei's Motion to Strike Portions of Dr. Srinivasan Seshan's Rebuttal Report.

---

[2] T-Mobile/Intervenors' Motion for Partial Summary Judgment of No Infringement of U.S. Patent No. 8,867,339 Under the Doctrine of Equivalents (Dkt. 263) presents purely a legal question, and as such does not depend on expert testimony.

T-Mobile's Sur-Reply to Huawei's Motion to Strike Portions of Dr. Seshan's Rebuttal Report   4

| | |
|---|---|
| Dated: August 18, 2017 | By: */s/ Y. Ernest Hsin* |

Mark D. Selwyn (California Bar No. 244180)
Kathryn D. Zalewski (California Bar No. 263119)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000

Joseph J. Mueller (Massachusetts Bar No. 647567)
Cynthia Vreeland (Texas Bar No. 20625150
Massachusetts Bar No. 635143)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Josh A. Krevitt (New York Bar No. 2568228)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue, 47th Floor
New York, New York 10166
Tel: (212) 351-4000
Fax: (212) 351-4035

Mark N. Reiter (Texas Bar No. 16759900)
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Tel: (214) 698-3100
Fax: (214) 571-2900

Y. Ernest Hsin (California Bar
No. 201668)
**GIBSON, DUNN &
CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921
Tel: (415) 393-8224
Fax: (415) 374-8436

Stuart M. Rosenberg (California
Bar No. 239926)
**GIBSON, DUNN &
CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Tel: (650) 849-5389
Fax: (650) 849-5089

Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
**POTTER MINTON, PC**
110 North College Ave., Suite
500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

*Counsel for Defendants T-Mobile
US,
Inc. and T-Mobile USA, Inc.*


/s/ John D. Haynes
John D. Haynes (GA Bar No.
340599)
Patrick J. Flinn (GA Bar No.
264540)
Michael C. Deane (GA Bar No.
498195)
**ALSTON & BIRD LLP**
1201 W. Peachtree St.

Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Email: John.Haynes@alston.com
Email: Patrick.Flinn@alston.com
Email: Michael.Deane@alston.com

Michael J. Newton (TX Bar No. 24003844)
**ALSTON & BIRD LLP**
2800 N. Harwood St., Suite 1800
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: Mike.Newton@alston.com
Email: Derek.Neilson@alston.com

M. Scott Stevens (NC Bar No. 37828)
Ross R. Barton (NC Bar No. 37179)
**ALSTON & BIRD LLP**
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: Scott.Stevens@alston.com
Email: Ross.Barton@alston.com

Deron R. Dacus (Texas State Bar No. 790553)
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430 Tyler, TX 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

*Counsel for Intervenors Nokia Solutions*
*and Networks US LLC and Nokia Solutions*
*and Networks Oy*

/s/ Phillip B. Philbin
Phillip B. Philbin
LEAD ATTORNEY
State Bar No. 15909020
Jamie H. McDole
State Bar No. 24082049
Charles M. Jones II
State Bar No. 24054941
Michael D. Karson
State Bar No. 24090198
Matthew P. Chiarizio
State Bar No. 24087294
Tiffany M. Cooke
State Bar No. 24087340
**HAYNES AND BOONE, LLP**
2323 Victory Avenue
Suite 700
Dallas, Texas 75219
Tel.: (214) 651-5000
Fax: (214) 651-5940
Email:
phillip.philbin@haynesboone.com
jamie.mcdole@haynesboone.com
charlie.jones@haynesboone.com
michael.karson@haynesboone.com
matthew.chiarizio@haynesboone.com
tiffany.cooke@haynesboone.com

Jason T. Lao
California State Bar No. 288161
**HAYNES AND BOONE, LLP**
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
Tel.: (949) 202-3051
Fax: (949) 202-3151

*Counsel for Intervenors*
*Telefonaktiebolaget LM Ericsson*
*and*
*Ericsson Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 4, 2017, by electronic mail upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: August 18, 2017

/s/  *Y. Ernest Hsin*
Y. Ernest Hsin