**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § | |
| | § | Case No. 2:16-CV-00052-JRG-RSP |
| v. | § | Case No. 2:16-CV-00055-JRG-RSP |
| | § | Case No. 2:16-CV-00056-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC., | § | Case No. 2:16-CV-00057-JRG-RSP |
| | § | |

**REPORT AND RECOMMENDATION**

Huawei Technologies Co. LTD ("Huawei") moves to dismiss counterclaims filed by T-Mobile US, Inc., and T-Mobile U.S.A. Inc. (collectively, "T-Mobile") under Rule 12(b)(6) for failure to state a claim. The motions should be denied for the following reasons.

**DISCUSSION**

**A. Breach of FRAND Obligation Counterclaim**

T-Mobile's first counterclaim alleges that Huawei breached its obligation to license the asserted patents (allegedly standard essential patents) on fair, reasonable, and nondiscriminatory (FRAND) terms. Huawei appears to argue that this counterclaim should be dismissed under the first-to-file rule, though the basis for dismissal is not clear. *See* Dkt. 121 at 1-8. Huawei's complaint is that on July 5, 2016, Huawei filed Case No. 2:16-cv-00715, seeking a declaratory judgment that Huawei had complied with FRAND obligations on a portfolio-wide basis. Six months later, on December 6, 2016, T-Mobile answered the complaints in the above-captioned cases and included the breach of contract counterclaim. Huawei appears to suggest that T-Mobile's counterclaim should be treated as a case for purposes of the first-to-file rule, and that the counterclaim is more appropriately resolved in Case No. 2:16-cv-00715 because that case was filed first.

As best the Court can tell, Huawei's arguments rely exclusively on the first-to-file rule, but that rule does not apply here. The first-to-file rule exists only to encourage comity among federal

courts of equal rank. *See Smith v. McIver*, 22 U.S. 532, 536 (1824); *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). The rule "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in *different* jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (emphasis added). At most, the rule applies to related cases pending before different judges in the same district. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). There is no basis to apply the first-to-file rule to related cases pending before the same judges. The rule therefore does not warrant dismissal of T-Mobile's FRAND counterclaim.

### B.  Unfair Competition and Consumer Protection Counterclaims

T-Mobile's second and third counterclaims allege violations of Texas unfair competition law and violations of Washington's Consumer Protection Act. Huawei argues these claims should be dismissed because the relevant statutes of limitations are three and four years, respectively, and the causes of action accrued more than four years ago when Huawei allegedly failed to timely disclose the existence of the asserted patents as required by the relevant ETSI policy. Dkt. 121 at 9-10. T-Mobile's counterclaims nonetheless allege continuing violations of unfair competition and consumer protection laws, recognized by both Texas and Washington state courts, in which each violation is considered a separate event restarting the statute of limitations. *See, e.g., Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 812 (Tex. App. 2001); *Pac. Sound Res. v. Burlington N. Santa Fe Ry. Corp.*, 130 Wash. App. 926, 941 (2005); *see also Microsoft Mobile Inc. v. Interdigital, Inc.*, No. 15-723, 2016 WL 1464545, at *4 (D. Del. Apr. 13, 2016). The statutes of limitation do not provide a basis for dismissing the counterclaims.

Huawei also argues that the second and third counterclaims should be dismissed under the *Noerr-Pennington* doctrine, which generally bars any state or federal claim based on a party's

petition to the government for redress, i.e., a claim based on a constitutionally protected activity. *See, e.g.*, *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56 (1993). Huawei argues that T-Mobile's unfair competition and consumer protection counterclaims relate sufficiently to Huawei's patent enforcement efforts, which, according to Huawei, are protected by the First Amendment.

Huawei's argument is not persuasive. First, the motion is procedurally deficient because unless a federal preemption defense is apparent from the face of a claim (and it is not readily apparent from T-Mobile's counterclaims), Rule 12(b)(6) is not the appropriate mechanism for addressing the defense. *See, e.g.*, *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012). Rather, a preemption defense should be addressed through a motion for judgment on the pleadings or a motion for summary judgment. *Id.* T-Mobile's counterclaims are the subject of a motion for summary judgment filed by Huawei, *see, e.g.*, Dkt. 257 in Case No. 2:16-cv-00052, but federal preemption does not appear to be a basis for that motion.

Second, even if the Court were to construe Huawei's motion to dismiss as a motion for judgment on the pleadings or convert it to a motion for summary judgment, the motion would not fare any better. T-Mobile's unfair competition and consumer protection counterclaims extend beyond Huawei's enforcement of federal patent rights. T-Mobile alleges violations based on conduct related to Huawei's FRAND obligations, refusal to license individual patents, and other allegedly anticompetitive acts not rooted in patent enforcement. In addition, T-Mobile's allegations (viewed in a light most favorable to T-Mobile) raise a plausible inference that Huawei initiated a series of patent infringement lawsuits, without regard for their merit, for the purpose of harming a competitor or restraining trade, rendering Huawei's activity exempt from the *Noerr-Pennington* doctrine. *See California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515,

(1972); *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 180 (3d Cir. 2015), *cert. denied sub nom. Vill. Supermarkets, Inc. v. Hanover 3201 Realty, LLC*, 136 S. Ct. 2451 (2016).

Huawei argues that even if T-Mobile's Texas unfair competition claim is not barred by the statute of limitations or *Noerr-Pennington* doctrine, it should still be dismissed because unfair competition is not an independent cause of action in Texas, and T-Mobile fails to plead an independent tort. *See* Dkt. 121 at 16-17. T-Mobile alleges, however, that "Huawei has committed unlawful and unfair acts that constitute violations of Section 5 of the FTC Act," Dkt. 106 ¶ 101, and thus the counterclaim includes an adequate and independent basis for unfair competition, *see, e.g., Mondis Tech. Ltd. v. LG Elecs. Inc.*, No. 2:07-CV-565, 2009 WL 901480, at *3 (E.D. Tex. Mar. 31, 2009).

Finally, Huawei argues that T-Mobile's Washington consumer protection claim should be dismissed for similar reasons, but the facts alleged in the counterclaim are sufficient to give rise to a plausible inference that the elements of a Consumer Protection Act violation have been met. *See, e.g.*, *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

## CONCLUSION

T-Mobile's counterclaims avoid the first-to-file rule, are not barred by the statutes of limitation or *Noerr-Pennington* doctrine, and otherwise state sufficient causes of action to avoid dismissal under Rule 12(b)(6).

Accordingly,

It is **RECOMMENDED**:[1]

(1) Huawei's motion to dismiss, Dkt. 121 in Case No. 2:16-cv-00052, should be denied.

(2) Huawei's motion to dismiss, Dkt. 115 in Case No. 2:16-cv-00055, should be denied.

(3) Huawei's motion to dismiss, Dkt. 119 in Case No. 2:16-cv-00056, should be denied.

(4) Huawei's motion to dismiss, Dkt. 114 in Case No. 2:16-cv-00057, should be denied.

**SIGNED this 20th day of August, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).