**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00052-JRG-RSP |
| | § | |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC. | § § § | |

**ORDER**

Huawei Technologies Co. LTD ("Huawei") moves to strike the expert report of Mark Lanning, specifically, Mr. Lanning's opinions concerning (1) a new noninfringing alternative, and (2) a noninfringement opinion related to the "fault indication" element. The motion is denied for the following reasons.

As an initial matter, Huawei asks the Court to strike both opinions because Huawei's interrogatories were not adequately answered during discovery. As the Court explained during the hearing, the theories Huawei objects to are noninfringement contentions or opinions related to noninfringing alternatives, as opposed to underlying facts that discovery is designed to develop. The district's local patent rules do not require noninfringement contentions, and a party is not entitled to early disclosure of expert opinions through interrogatory. *See, e.g.*, *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015). The interrogatory responses therefore do not provide a basis for excluding Mr. Lanning's opinions.

1. **Noninfringing Alternative Opinion**

Huawei argues that Mr. Lanning's opinions concerning a noninfringing alternative, *see* Lanning Rep. ¶ 58-62, Dkt. 254-7, should be struck because the opinions rely on information that was not disclosed during discovery. The noninfringing alternative opinion is nevertheless based

1

on recent changes to T-Mobile's network, and Huawei had notice of the change because T-Mobile disclosed its plans during discovery. The source code and documents associated with this change came into existence later, and, as a result, it is difficult to say that T-Mobile committed a discovery violation at all. Mr. Lanning's opening report includes opinions explaining that removal of the "CS bit" would render the network noninfringing. *See* Lanning Rep. ¶¶ 356-61, Dkt. 275-6. Finally, any prejudice resulting from the fact that the developments supporting Mr. Lanning's opinions occurred late in the case could be addressed by a supplemental report or other accommodation, which Defendants have offered. The Court therefore finds it unnecessary to strike Mr. Lanning's noninfringing alternative opinion.

### 2. "Fault Indication" Opinion

Huawei argues that Mr. Lanning's opinions concerning whether T-Mobile's LTE network meets the "fault indication" element of the claims are impermissible opinions concerning claim scope, and for that reason, they must be struck. *See O2 Micro International Ltd. v. Beyond Innovation Technology. Co*., 521 F.3d 1351 (Fed. Cir. 2008).

The Court is not persuaded. Mr. Lanning acknowledges that his opinion is based on "the plain and ordinary meaning" of the claim. Lanning Rep. ¶ 56, Dkt. 254-7. The rest of his analysis is confined to a discussion of the accused network. *Id.* ¶¶ 49-55. Mr. Lanning opines that the "CS bit" only identifies whether the fault occurred within the "S-GW" group of nodes or the "P-GW" group of nodes, and thus the accused network does not satisfy the "fault indication" element because it does not identify which specific node caused the fault. *Id.* ¶ 51. The claims require "a fault indication indicating which node of the tunnel management node and a second node caused a fault." '463 Pat. at Cl. 14. Mr. Lanning's opinion is therefore based on a plain and ordinary meaning of the "fault indication" element.

2

Huawei believes that the accused system satisfies the "fault indication" element by simply identifying whether an S-GW node or a P-GW node caused the fault because, according to Huawei, the MME has already narrowed the choice to two potential nodes—a particular S-GW node and a particular P-GW node. The parties' dispute is a factual one for the jury, not a claim construction matter.

The Court cautions Defendants, however, that opinions such as those expressed in paragraph 56 of Mr. Lanning's report, come close to claim construction *See* Lanning Rep. ¶ 56, Dkt. 254-7. Paragraph 56 refers to statements Huawei made in response to an inter partes review ("IPR") petition, and to the extent Mr. Lanning is suggesting Huawei disclaimed claim scope or is otherwise estopped by the IPR response, the opinion will not be permitted at trial. If Mr. Lanning's argument is simply that, like the Åberg reference Huawei distinguished in its response, the accused network only identifies a group of nodes, and thus the fault indication does not identify "which node of the tunnel management node and a second node caused a fault," as the claims require, then the opinion does not tread into claim construction.[1]

Accordingly,

It is **ORDERED**:

Huawei's motion to strike, Dkt. 254, is denied.

**SIGNED this 29th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] This assumes without deciding that IPR evidence will be permitted at trial.