**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § |
| | § |
| v. | §  Case No. 2:16-CV-00052-JRG-RSP |
| | § |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC. | § |
| | § |

## REPORT AND RECOMMENDATION

Defendants T-Mobile US, Inc. and T-Mobile USA, Inc. ("T-Mobile") and Intervenors Nokia Solutions and Networks US ("NSN") move for summary judgment that T-Mobile's accused Long-Term Evolution (LTE) network does satisfy the "fault indication" element of the asserted claims. Dkt. 258. Having heard argument on August 22, 2017 and considered the briefing, the Court recommends that the motion be denied.

The asserted independent claim of U.S. Patent No. 9,234,462 ("the '462 patent") recites:

> A communication system, comprising:
>
> a first node; and a tunnel management node, wherein:
>
> the first node is configured to send a tunnel management request to the tunnel management node; and
>
> the tunnel management node is configured to send a response message responsive to the tunnel management request to the first node,
>
> wherein the response message includes *a fault indication* indicating which node of the tunnel management node and a second node caused a fault.

'462 Pat. at Cl. 14 (emphasis added). Huawei Technologies Co. LTD ("Huawei") has come forward with admissible evidence that the T-Mobile LTE network includes a Mobile Management Entity ("MME") that selects particular nodes, i.e., a Serving Gateway ("S-GW") and a Packet Data network Gateway ("PDN-GW" or "P-GW") to create what Huawei describes as a "pool" in the LTE network. In response to a failed tunnel management request, Huawei relies on evidence that

1

T-Mobile's network sends a response message with binary information (a "0" or a "1") corresponding to which node in the (two-node) pool caused the fault. The message indicates, in other words, whether the S-GW or the P-GW caused the fault. A reasonable juror could conclude from this evidence that the accused network includes "a fault indication indicating which node of the tunnel management node and a second node caused a fault." '462 Pat. at Cl. 14.

Notably, the "fault indication" element has not been construed because no one requested a construction. But as one party or another argues in virtually every patent case approaching trial, Huawei contends that T-Mobile and NSN's summary judgment motion is a new claim construction argument in disguise, and that, under *O2 Micro International Ltd. v. Beyond Innovation Technology. Co.*, 521 F.3d 1351 (Fed. Cir. 2008), the Court must ensure that the late-breaking claim construction dispute is not presented to the jury. *O2 Micro* problems are difficult to evaluate with any confidence during pretrial (or trial, for that matter) because it is frequently impossible to delineate between a pure claim construction argument and a noninfringement argument. Yet juries are summoned, trials are held, and verdicts are reached, only to have the case fall in the *O2 Micro* trap on appeal. *See, e.g., NobelBiz, Inc. v. Glob. Connect, L.L.C.*, No. 2016-1104, 2017 WL 3044641 (Fed. Cir. July 19, 2017). Short of holding both a jury trial and an identical bench trial in every patent case, there is not a clear path around *O2 Micro*.

Huawei argues that T-Mobile and NSN's summary judgment motion assumes that the "fault indication" must identify which "specific" node in the LTE network caused the fault. T-Mobile, on the other hand, suggests that its evidence merely relates to the response message in the accused system and whether the node that caused the fault is properly identified. The claim requires "a fault indication indicating which node of the tunnel management node and a second node caused a fault," and any argument that the claim inherently requires more than that is waived. *See, e.g.*,

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) ("The district court found that [defendants] waived any argument with respect to this term by failing to raise it during the claim construction phase. We agree.") T-Mobile and NSN's evidence nevertheless appears relevant to whether the accused network satisfies the fault limitation. If, however, T-Mobile and NSN present any testimony or argument at trial suggesting that "fault indication" has a unique meaning other than the plain and ordinary meaning apparent from the claim itself, the Court will consider a limiting instruction.

T-Mobile's briefing suggests that Huawei may have narrowed the scope of the claim in response to an inter partes review ("IPR") petition, and to the extent this argument was not available during claim construction, the argument is preserved. The Court is not persuaded, however, because there is a dispute about what the relevant prior art reference (the Åberg reference) discloses, and Huawei's statement during IPR does not rise to the level of clear and unmistakable surrender of claim scope. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361-62 (Fed. Cir. 2017).

Accordingly,  It is **RECOMMENDED**:[1]

T-Mobile and NSN's motion for summary judgment, Dkt. 258, should be denied.

**SIGNED this 29th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).