**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § § | |
| v. | § § | Case No. 2:16-CV-00052-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC. | § § § | |

## REPORT AND RECOMMENDATION

T-Mobile US, Inc. and T-Mobile U.S.A., Inc. (collectively, "T-Mobile") move for partial summary judgment that Huawei Technologies Co. LTD ("Huawei") is not entitled to pre-suit damages because Huawei failed to mark products covered by the asserted patents or otherwise notify T-Mobile of the alleged infringement as required by 35 U.S.C. § 287(a). Dkt. 256. T-Mobile's motion should be granted.

## BACKGROUND

Huawei is asserting four patents in this lawsuit, U.S. Patent Nos. 9,235,462 ("the '462 patent"), 8,867,339 ("the '339 patent"), 8,719,617 ("the '617 patent"), and 8,069,365 ("the '365 patent"), and Huawei is now only seeking pre-suit damages for the alleged infringement of one of these patents, the '339 patent. *See* Dkt. 283 at 1-2. Huawei does not dispute that it failed to mark products covered by the '339 patent and that it failed to otherwise provide notice of the alleged infringement. *See id.* Huawei's only opposition to T-Mobile's motion is that because Huawei is only seeking pre-suit damages from the alleged infringement of the method claims of the '339 patent, the marking statute does not apply. *See id.* at 2.

## DISCUSSION

If a patentee makes, offers for sale, or sells "any patented article" (within the United States) covered by its patent, the patentee may mark the article with the number of the patent, which

1

provides an infringer with constructive notice of the infringement, and, as a result, damages may accumulate from the time when constructive notice was given. *See* § 287(a); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017). A patentee may otherwise give the infringer actual notice of the infringement, and damages may accrue from the time of actual notice. *See* § 287(a); *Rembrandt Wireless Techs.*, 853 F.3d at 1383. If the patentee does not exercise either of these options before filing a lawsuit, however, damages may be recovered only from the date the complaint was filed. *See* § 287(a).

Section 287(a) applies to "patented articles." Consequently, damages resulting from infringement of an asserted method patent are not limited by § 287(a) when "there is nothing to mark." *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993) (Michel, J.). Many patents, of course, include both method and device claims, such as the '339 patent. *See* '339 patent at 11:48-14:31. When a patentee sues for infringement of such a patent, but asserts only a method claim, the patentee should be precluded from pre-suit damages, absent actual notice of infringement, if "there is a tangible item to mark by which notice of the asserted method claims can be given." *See Am. Med. Sys., Inc.*, 6 F.3d at 1538.

The marking statute has always been understood to provide an important public notice function, and it would be of little use if a patentee could easily evade it. *See, e.g.*, *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989); *Am. Med. Sys.,* 6 F.3d at 1538. If the statute does not apply to an article covered by a method claim, as Huawei argues, the public notice function of the marking requirement would be undermined. The patentee could simply include both method and apparatus claims in a patent, sell unmarked articles covered by the patent—causing infringers to believe the article is not patented—then seek damages from the infringer from the time the unknowable infringement began. *See, e.g.*, *Wine Ry. Appliance Co. v. Enter. Ry. Equip.*

*Co.*, 297 U.S. 387, 398 (1936) (marking requirement "provides protection against deception by unmarked patented articles"). The same can be said of a patentee with only method claims to assert. The marking statute, by its own terms, applies to any "patented article," and the statute says nothing about whether that article is covered by a device claim, a method claim, or both. *See* § 287(a); *see also Wine Ry. Appliance Co.*, 297 U.S. at 395 (1936).

Some cases, as Huawei argues, nevertheless appears to draw a distinction between patents with only method claims, on the one hand, and patents with apparatus claims or a combination of method and apparatus claims, on the other. *See, e.g.*, *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316 (Fed. Cir. 2009). Huawei argues that the precedent goes even further, drawing a distinction between cases in which only method claims of a patent that includes both method and apparatus claims are asserted, and cases in which both method and apparatus claims are asserted. *See id.* at 1316. The former instance, according to Huawei, does not invoke the marking statute. *See* Dkt. 283 at 4.

Other cases, by contrast, characterize the rule as clear: "In *American Medical*, we held that if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims." *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012); *see also See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) (earlier panel decision controls). A logical reading of the statute and the rule of *American Medical* is that if the patentee makes, offers for sale, or sells any article that would fall within the scope of any claim the patentee could assert, the article must be marked to recover damages prior to actual notice of infringement. *See* § 287(a); *Am. Med. Sys., Inc.*, 6 F.3d at 1538.

The apparent tension between cases such as *Crown Packaging* and *American Medical* would not represent a conflict at all if the cases have merely recognized that § 287(a) does not

apply if the asserted claim does not cover an article the patentee made, offered for sale, or sold. The contours of the precedent need not be precisely defined, however, because the '339 patent includes both device and method claims, and Huawei is asserting both types of claims. *See* Huawei Resp. Br., Dkt. 283, at 2 ("It is also undisputed that Huawei is asserting both method and apparatus/system claims of the '339 patent."). The marking statute therefore limits Huawei's potential damages. *See Crown Packaging*, 559 F.3d at 1316-17.

Huawei would have the Court take an even narrower view of the marking statute and conclude that it does not apply in cases in which pre-suit damages are sought only for infringement of a method claim. *See* Huawei Resp. Br., Dkt. 283, at 4-6. The theory, according to Huawei, is that the marking statute applies on a "claim-by-claim" basis. *See id.* (citing *Toro Co. v. McCulloch Corp.*, 898 F. Supp. 679, 684 (D. Minn. 1995)). The statutory argument is supposedly based on *noscittur a sociis* and the relationship between the phrase "patented article" and "action for infringement," specifically, that the statute only applies if the patentee made, offered for sale, or sold a "patented article" covered by a claim asserted in the "action for infringement." *See Toro Co.*, 898 F. Supp. at 683-84.

Such an interpretation is at odds with § 287(a)'s text and purpose. Section 287 does not include the word "claim." Likewise, the phrase "patented article" does not necessarily imply an article covered by a particular claim. The statutory phrase is simply imprecise—an "article," strictly speaking, cannot be patented. Patent law is replete with such hyper-technicalities. Yet the patent statutes include numerous instances in which Congress's intent is clear, notwithstanding any technical imprecision in language that might stand out to a patent lawyer. *See, e.g.*, *Suprema, Inc. v. Int'l Trade Comm'n*, 796 F.3d 1338 (Fed. Cir. 2015) (en banc) (interpreting "articles that . . . infringe" in 19 U.S.C. § 1337). Neither the term "patented" nor the term "article"

4

necessarily implies that the marking statute is limited solely to the device or apparatus claim that the patentee is asserting in the "infringement action." The technicality on which Huawei's statutory interpretation argument is based bears resemblance to the type of analysis rejected by the Supreme Court in case after case. *See, e.g.*, *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007); *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014); *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014).

The purpose of the marking requirement is to provide an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article he may be contemplating—in other words, to preclude the patentee from taking advantage of the deception that may arise from unmarked articles. *See Wine Ry. Appliance Co.*, 297 U.S. at 398. As a result, a logical interpretation of the statute is that a patentee must mark any product covered by any claim of the asserted *patent*. It is not necessary to reach quite that far in this case, however. If the patentee fails to mark any article with the patent then later asserts a claim that encompassed the unmarked article, the patentee should not be entitled to bypass § 287(a)'s constructive notice requirement. Thus, because Huawei is asserting claims, including device claims, that encompass its unmarked products, the marking statute applies.

## CONCLUSION

Having failed to provide constructive or actual notice as required by § 287(a), Huawei may only recover damages from the time the complaint was filed.

Accordingly,

It is **RECOMMENDED**:[1]

(1) T-Mobile's motion with respect to the '339 patent, Dkt. 256, should be granted.

(2) T-Mobile's motion with respect to the '365, '617, and '462 patents, Dkt. 256, should be denied as moot because Huawei no longer seeks pre-suit damages for the alleged infringement of those patents.

**SIGNED this 4th day of September, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).