# EXHIBIT A

```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF TEXAS

 3                         MARSHALL DIVISION

 4  HUAWEI TECHNOLOGIES CO.      )(

 5  LTD.                         )(   CIVIL DOCKET NO.

 6                               )(   2:16-CV-52-JRG-RSP

 7  VS.                          )(   MARSHALL, TEXAS

 8                               )(

 9  T-MOBILE US, INC., ET AL.    )(   JUNE 16, 2017

10                               )(   9:02 A.M.

11                           MOTION HEARING

12           BEFORE THE HONORABLE JUDGE ROY S. PAYNE

13                UNITED STATES MAGISTRATE JUDGE

14

15  APPEARANCES:

16  FOR THE PLAINTIFF: (See Attorney Attendance Sheet docketed
                         in minutes of this hearing.)
17

18  FOR THE DEFENDANTS:(See Attorney Attendance Sheet docketed
                         in minutes of this hearing.)
19

20  COURT REPORTER:     Shelly Holmes, CSR-TCRR
                        Official Reporter
21                      United States District Court
                        Eastern District of Texas
22                      Marshall Division
                        100 E. Houston Street
23                      Marshall, Texas  75670
                        (903) 923-7464
24

    (Proceedings recorded by mechanical stenography, transcript
25  produced on a CAT system.)
```

1             MS. DU:  Well, Your Honor, the date range in the
2  log has a beginning day when Huawei first began its analysis
3  of the essentiality of each patent.  And that initial date
4  is the beginning of -- of the consideration.
5             So that might be the time when the inventor
6  submitted the application for review or might be a time
7  predating that.
8             THE COURT:  Well, isn't that a date that they're
9  entitled to know, when the employees first submitted that?
10            MS. DU:  I do not believe that they are entitled to
11 know exactly when the client began seeking legal advice from
12 counsel because that is part of the privileged communication
13 here.  But we have given them the entire time frame in which
14 this -- this process was ongoing, and the submission of
15 consideration is one event that takes place within this time
16 frame.
17            THE COURT:  How can they know the date that the
18 inventors first reported to the department that their patent
19 might be related to the standard?  I mean, you've told me it
20 might be the first date, or it might not be.
21            MS. DU:  Your Honor, we contend that they're not
22 entitled to know exactly that date.  All they're entitled to
23 know is when Huawei first started evaluating the
24 essentiality of these patents.  And we have given them that
25 date in the privilege log.

1          THE COURT:  And what is your basis for contending
2     that they're not entitled to know when the inventors first
3     made that communication?
4          MS. DU:  Because that is the date that the
5     inventors were first seeking legal advice from counsel, and
6     if they have that, you know, substantive event associated
7     with the date, that delves into the substance of the
8     attorney-client communication and --
9          THE COURT:  I don't -- I don't know the authority
10    for the proposition that the date that a party first seeks
11    legal advice is not discoverable.  I know in other contexts
12    it is discoverable.
13         MS. DU:  Well, Your Honor, the date that the
14    party -- and the party here we're talking about is Huawei
15    Technologies, the Plaintiff --
16         THE COURT:  That's right.
17         MS. DU:  -- is first beginning to seek legal advice
18    from counsel is here -- is the start date of our privilege
19    log.  So that date is already provided.
20         Now, internal communications between certain
21    personnel in the legal department we -- is what we are
22    contending is privileged subject matter.
23         What I'm trying to say, Your Honor, is that at
24    times, the -- the first consideration of essentiality by
25    Huawei's IPR team to advise its client began with the

1  information that is submitted to them.
2          THE COURT: And they may not be entitled to get
3  that, but are you saying they're not also seeking the date
4  upon which the inventors of the patent first communicated
5  their belief or their -- the inventors' belief that their
6  patent might be related to the -- the proposal?
7          MS. DU: I think what they're seeking here is the
8  earliest date on which Huawei first began evaluating a
9  patent for whether or not it might be essential. And that
10 earliest date is provided in our privilege log. It -- the
11 date that the inventors submitted the application for
12 internal review will fall within that date range that we
13 provided.
14         THE COURT: All right. And give me some authority
15 for the proposition that they're not entitled to know the
16 date that the inventors submitted that -- a communication
17 with their belief that the patent might be related to the
18 proposal.
19         I understand your argument, and it -- I believe it
20 likely has merit that they're not entitled to all the inner
21 workings of the IPR department as is it considered that, but
22 I think that's different from the date on which the
23 inventors who are non-legal personnel submitted their
24 communication of belief that their invention, their patent
25 was related to the proposal.

1           MS. DU:  Your Honor, what they're asking for here
2  is a production of Huawei's IT database that tracks and
3  details all of the events that take place as part of their
4  review process.
5           And there are multiple entries in this database.
6  And one of the entries regarding the date that the inventor
7  submitted their application for consideration, that's just
8  one of many entries that are privileged.  And --
9           THE COURT:  And that's the one I'm asking about.
10          MS. DU:  Right.  And if you refer to the case cited
11 in our responsive brief, I think it's In re Spalding, there
12 is no requirement for a document to be -- that is -- has a
13 general tenure of privilege to be parsed just because it may
14 contain certain non-privileged information.
15          THE COURT:  And I'm not talking here about
16 production of the document.  I'm talking about answering a
17 request for the date when the inventors made that
18 communication.
19          MS. DU:  Your Honor, we can -- we can consider
20 their request if it's just limited to that one date entry,
21 but coming here today, it seemed like they -- T-Mobile was
22 asking for the production of the IT database, and they were
23 not just asking for a response regarding a very specific
24 issue.
25          THE COURT:  What disclosure have you made to them

1  chronology.  The privilege log gives us no ability to assess
2  the chronology.
3       For example, it could be, if we had a privilege log
4  that was itemized, we would see that there was an initial
5  communication from the inventor to the IPR department
6  saying, I think that my patent may be essential.  There may
7  be a two or three-year lag after that before there is a
8  disclosure made to ETSI.  That would obviously help support
9  T-Mobile's position that there was not timely disclosure
10 made to the standards setting organization.
11      Your Honor, last point.  Ms. Du references that the
12 IPR department has multiple events and multiple dates and
13 that those are all reflected in the database.
14      They have actually produced a policy -- I think
15 it's attached to their brief -- about the process that they
16 go through and the events that they follow.  So we know what
17 those events are.  We're asking for the dates that
18 correspond to those events and who are the parties to those
19 events.
20      They've provided us information about the -- the
21 events themselves, but they've refused to provide that
22 information for each of the patents.  And as such, it
23 prejudices our ability to -- to evaluate the claim that they
24 make in response to our claim of untimely disclosure that
25 they, in fact, did disclose in a way timely upon their brief

1  that the patent might be essential.
2          THE COURT:  All right.  I -- I can tell you,
3  Mr. Selwyn, that my inclination now is to order a -- a
4  complete privilege log.  And I don't consider what has been
5  used so far to be such a log.
6          But I don't want you to take that as an indication
7  that I agree that the arguments I've heard so far about
8  waiver of the privilege have merit.  I don't think that what
9  I've seen of the 30(b)(6) testimony and the fact that
10 they've given you general discovery about the process that's
11 used in the IPR department constitutes a waiver of the
12 actual communications.
13         But I do think that -- that I have not heard any
14 reason why there shouldn't be a privilege log that
15 identifies the communications as to which the privilege is
16 claimed.  But I will -- let -- let me speak further with
17 Ms. Du about that.
18         MS. DU:  Your Honor, regarding T-Mobile's request
19 for Huawei's entire IT database and the request for an
20 itemized privilege log with itemized entries, our concern
21 there is that the database is essential -- essentially a --
22 a listing of the events and conclusions of --
23         THE COURT:  I'm -- I'm not at this point talking
24 about production of the database.  So we can take that off
25 the table.  That may get back on the table after they see a

1  privilege log, and they're able to make arguments about
2  whether or not certain events or certain communications are
3  entitled to the privilege.
4          But at point, all I'm talking about is a privilege
5  log.  So go ahead and address that.
6          MS. DU:  Sure, Your Honor.
7          And our -- our concern with providing the -- every
8  single communication that is exchanged as part of this
9  ongoing internal review between Huawei's attorneys and its
10 employees is that -- and the reason why I keep going back to
11 the IT database is it will essentially look very similar.
12 It will have the event correlating to the attorney's advice
13 correlated with the date.  And -- and we can -- we're happy
14 to provide --
15         THE COURT:  So are these communications?
16         MS. DU:  I'm sorry?
17         THE COURT:  Are these communications?
18         MS. DU:  Yes.
19         THE COURT:  Then I don't understand why there can't
20 be a date, an author of the communication, and a recipient.
21         MS. DU:  At times, the communication is oral, like
22 in a meeting or over the phone, and at times, the
23 communication is written.
24         THE COURT:  If it's an oral communication, then it
25 would not be subject to this privilege log.  There wouldn't

1  be any written communication, and that's what you're
2  logging, right?  I don't understand how oral communications
3  would come into play.
4          MS. DU:  You're absolutely right, Your Honor.  And
5  we can provide a more detailed privilege log with a more
6  specific identification of the people who are involved in
7  those communications.
8          THE COURT:  And the dates of them?
9          MS. DU:  And the dates of those communications.
10         THE COURT:  And I -- if what you're saying is
11 there's this database and occasionally there's a box checked
12 and that that check occurs after some oral communication
13 between recipients, I don't see how that would be something
14 that you would need to log.  But if there are written
15 communications as to which you're claiming a privilege, I --
16 I think those need to be logged.
17         The -- you know, the database itself may well be
18 the attorney work product.  I don't know.  That would depend
19 on the facts, and there -- that's something that there could
20 be some additional discovery about or maybe there's already
21 been enough discovery about it from the 30(b)(6) deposition.
22 I don't know.
23         But the thing that I'm concerned about is that I
24 don't think this is an adequate privilege log to support the
25 invocation in the privilege as to these communications.

```
 1  valid assertion of the privilege.  So I would expect that
 2  Plaintiffs would put in the log that which they would need
 3  to rely upon to show that the document was privileged, and
 4  that -- so anyway.
 5          All right.  Well, Ms. Du, how much time do you need
 6  to provide a further privilege log in accordance with the
 7  discussions we've had?
 8          MS. DU:  Two weeks should be sufficient, Your
 9  Honor.
10          THE COURT:  All right.  So ordered.
11          Is there anything else on this matter we need to
12  take up today?
13          MS. DU:  Not from Plaintiff, Your Honor.
14          MR. SELWYN:  No, Your Honor.  Thank you.
15          THE COURT:  All right.  I appreciate your
16  arguments.  We are adjourned.
17          LAW CLERK:  All rise.
18          (Hearing concluded.)
19
20
21
22
23
24
25
```

```
 1                          CERTIFICATION
 2
 3        I HEREBY CERTIFY that the foregoing is a true and
 4   correct transcript from the stenographic notes of the
 5   proceedings in the above-entitled matter to the best of my
 6   ability.
 7
 8
 9    /S/ Shelly Holmes                      7/9/17
      SHELLY HOLMES, CSR-TCRR                Date
10   OFFICIAL REPORTER
     State of Texas No.: 7804
11   Expiration Date: 12/31/18
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```