**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, § § | |
| v. § § | Case No. 2:16-CV-00052-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., § INC. § | |

## REPORT AND RECOMMENDATION

T-Mobile US, Inc. and T-Mobile U.S.A., Inc. (collectively "T-Mobile") move for partial summary judgment of noninfringement with respect to Huawei Technologies Co. LTD's ("Huawei") claim that T-Mobile's 4G LTE network infringes U.S. Patent No. 8,867,339 ("the '339 patent") under the doctrine of equivalents. Dkt. 263. Because the Court agrees that Huawei's equivalency claim is barred by prosecution history estoppel, T-Mobile's motion should be granted.

## BACKGROUND

Huawei alleges that T-Mobile infringes the five independent claims of the '339 patent, claims 1, 3, 9, 11, and 14. Originally, these claims did not include two relevant limitations—the "update PDP context request" and the "RAB assignment request" elements. *See* '339 File History, Dkt. 263-2, at HW_TMO_00012817-823. These phrases refer to the process for recovering a broken link or tunnel between two network components in the 3G network, and there is no dispute that these phrases are terms of art specific to the 3GPP standard.

The Examiner rejected the original claims as obvious over a prior art 3GPP standards document and another published patent application. Dkt. 263-2, 263-3 at HW_TMO_00013557-560. The rejection was phrased in somewhat general terms, but the Examiner described the 3GPP standards document as generally teaching "One Tunnel technology," or a process by which a link between two network components can be restored in a cellular network. *See id.* at

1

HW_TMO_00013557-58. What was missing from the 3GPP standards document, according to the Examiner, was an explicit teaching that "a core network control place" could recover "a downlink data tunnel" "by the core network user plane anchor." *Id.* at TMO_00013558. This limitation, however, was described in the published patent application, and there would have been reasons for combining the prior art. *See id.*

The Office Action noted that certain dependent claims would be allowable if rewritten in independent form "including all of the limitations of the base claim and any intervening claims." *Id.* at HW_TMO_00013560. Each dependent claim identified by the Examiner included a limitation related to the "update PDP context request" and "RAB assignment request." *Id.* at HW_TMO_00012817-823. Huawei did as the Examiner suggested and amended the independent claims to include the dependent claim limitations, including the "update PDP context request" and the "RAB assignment request" elements. *Id.* at HW_TMO_00013574-580.

Huawei now accuses the alleged 4G LTE equivalents of those 3G limitations, the "limited context setup request" and the "bearer request," of infringing the '339 patent claims. T-Mobile contends that Huawei's amendments estopped them from asserting such an equivalency theory.

## DISCUSSION

When a patent applicant narrows the scope of a claim during prosecution, and the amendment was a "substantial reason related to patentability," a presumption arises that prosecution history estoppel applies. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 739 (2002). The burden is on the patent holder to show otherwise. *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1356 (Fed. Cir. 2003). The patent holder may make such a showing only "by establishing one of three exceptions: (1) the equivalent was unforeseeable at the time of the application; (2) the rationale underlying the amendment bears no

more than a tangential relation to the equivalent in question; or (3) there is some other reason suggesting that the patentee could not reasonably be expected to have described the equivalent." *EMD Millipore Corp. v. AllPure Techs., Inc.*, 768 F.3d 1196, 1203 (Fed. Cir. 2014).

Huawei agrees that the presumption applies, and that Huawei bears the burden of establishing an exception. *See* Hr'g Tr. (Rough Draft) at 159:13-15 ("I agree that under *Honeywell*, this means that the – the presumption applies."); *id.* at 160:17-161:13 (Court: "So the burden is on Huawei to show the application of [an exception] --" Huawei Counsel: "I don't think there's a way around that . . . ."). Huawei also agrees that the only exceptions that could apply are the second or third ones, or at least that the first foreseeability exception does not apply. *See id.* at 156:15-18 ("Now, the – the point that counsel brought up about – about the timing related to the amendment is irrelevant because we're not relying upon the unforeseeability exception, so you can set that all aside.").

Huawei contends that the amendment was merely about the patentee's *ability*, rather than foreseeability. Namely, Huawei argues that the patent applicants "did what they could to maintain the original written description at that time." Hr'g Tr. (Rough Draft) at 156:19-24. Huawei seems to be arguing that because the '339 patent did not describe the 4G LTE standard's "Update Bearer Request" and "Initial Context Setup Request," those LTE equivalents were not added during the claim amendments. But the applicant's intent, according to Huawei, was for the claims to cover those equivalents.

This argument is not sufficient to overcome the presumption. If written description was the real impediment, the applicants could have replaced the phrases "update PDP context requests" and "RAB assignment requests" with more functionally- or technically-descriptive phrases. The claimed invention does not need to be described "*ipsis verbis* (in the identical words)." *In re Alton*,

3

76 F.3d 1168, 1175 (Fed. Cir. 1996). Indeed, the applicants appeared to appreciate the evolving nature of the 3G network. *See, e.g.*, '339 patent at 4:7-8 ("Embodiments of the present invention may be applied to an existing 3GPP system and an evolving 3GPP system."). Yet the applicants decided on an amendment specific to the 3GPP standard, and this amendment was made to overcome the prior art. The public is entitled to rely on that decision. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 731 (2002) ("A patent holder should know what he owns, and the public should know what he does not.").

Huawei argues that the tangential exception applies for the same reason it did in *Funai Electric Co. v. Daewoo Electronics Corp.*, 616 F.3d 1357, 1369 (Fed. Cir. 2010). *Funai* addressed a patentee's amendment to add an "insulating material" element in response to an Office Action stating that the rejected independent claims would be allowed if rewritten in independent form, namely if rewritten to include the "insulating material" element, among others. *Id.* This amendment did not surrender equivalents of the "insulating material" because "the nature of the insulating material was not a factor" supporting allowance of the asserted claim. *Id.* The prior art did not teach an insulating material at all, and thus by adding the "insulating material" element, the patentee was not limiting the claim to any particular type of insulation. *See id.* In other words, the patentee was not surrendering equivalents.

The same cannot be said here. Hauwei *did* amend the claims to include *particular* steps for recovery, and those steps, as Huawei agrees, are specific to the 3GPP standard. If Huawei had amended the claims to simply describe the steps for recovering the lost link or tunnel in functional or descriptive terms, the issue would be more like the one considered in *Funai*. Huawei did not make such an amendment. Consequently, unlike the patentee in *Funai*, Huawei has not met its burden of establishing that the amendment was "merely tangential" to prosecution. *Cf. id.*

4

The fact that Huawei relied on dependent claim language to overcome the rejection, at the Examiner's suggestion, is largely irrelevant. The Examiner's discussion of the prior art was phrased in general terms. Huawei was not obliged to do precisely what the Examiner suggested. If Huawei thought the prior art did not describe the functional or technical equivalents of the 3G-specific "update PDP context request" and "RAB assignment request" elements, Huawei could have broadened the dependent claim language to include those equivalents or least make it clear that those equivalents were not surrendered (while still importing the limiting concept from the dependent claims).

Now that the claims are allowed, a tie goes to the accused infringer. *See Festo* at 739 ("In *Warner–Jenkinson*, we struck the appropriate balance by placing the burden on the patentee to show that an amendment was not for purposes of patentability."). The point of prosecution history estoppel is to minimize uncertainty in "the range of equivalents" so that competitors are able "to determine what is a permitted alternative to a patented invention and what is an infringing equivalent." *See Festo*, 535 U.S. 722, 727 (2002). The logical conclusion, from the perspective of a competitor or person of ordinary skill in the art, is that equivalents to the "update PDP context request" and "RAB assignment request" elements were surrendered.

## CONCLUSION

Because Huawei has not met the burden of showing that the 4G equivalents were preserved during prosecution, Huawei is estopped from pursuing its equivalency theory at trial.

Accordingly,

It is **RECOMMENDED**:

T-Mobile's motion for partial summary judgment, Dkt. 263, should be granted.[1]

**SIGNED this 6th day of September, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).