IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, | § § | |
| v. | § § | Case No. 2:16-CV-00052-JRG-RSP |
| T-MOBILE US, INC., T-MOBILE U.S.A., INC. | § § § | |

## REPORT AND RECOMMENDATION

T-Mobile moves for partial summary judgment of noninfringement with respect to Huawei's claim that T-Mobile's 3G network is covered by U.S. Patent No. 8,867,339 ("the '339 patent"). Dkt. 262. According to T-Mobile, Huawei is estopped from accusing T-Mobile's 3G network of infringing the '339 patent because of statements Huawei made to the Patent Office in response to a petition for *inter partes* review (IPR). Because the Court agrees that Huawei's statements to the Patent Office constitute clear and unmistakable disclaimer, and that no genuine issue of material fact exists, T-Mobile's motion should be granted.

## BACKGROUND

The '339 patent relates to error recovery in a "One Tunnel" or "Direct Tunnel" cellular architecture. *See* '339 patent at 1:27-37. The One Tunnel architecture is designed to allow a direct data link, or tunnel, between two network components, the radio network control (RNC) and the gateway general packet radio service support node (GGSN). *See id.* The One Tunnel architecture was developed to provide an alternative to an existing architecture that included two tunnels between the RNC and GGSN routed through an intermediate serving GPRS support node (SGSN). The One Tunnel architecture avoids the need for a tunnel through the SGSN, as shown below:

1



FIG. 1

'339 patent, Fig. 1.

The '339 patent describes and claims a procedure for recovering the link between network components in a One Tunnel cellular architecture when there is a tunnel error or failure. *Id.* at Abstract. The recovery procedure involves managing the "PDP context," which is a data structure that stores session information relating to a user's cellular data connection. *Id.* at 4:63-65. The recovery procedure, according to the '339 patent, allows the data tunnel to be recovered while minimizing interruption to the user's session. *See, e.g.*, *id.* at 2:12-26.

In response to Huawei's assertion of the '339 patent against T-Mobile's cellular networks, the Nokia intervenors petitioned for IPR of the '339 patent claims, specifically claims 1, 3-5, 7-9, 11-14, and 16, *see* Pet., Dkt. 262-2, which are all the claims Huawei has contended T-Mobile infringes in this action, *see* Compl. ¶ 68, Dkt. 1. Nokia's petition relied on two prior art documents that, according to Nokia, rendered the '339 patent claims obvious. One document was a 3GPP technical report ("TR 23.809"), and the other was a 3GPP working group proposal relating to TR 23.809 that Ericsson had submitted to the 3GPP standards setting organization. *Id.* at 26-29.

The central argument in Huawei's response to the petition was that TR 23.809 does not describe a GGSN that preserves the PDP context after receiving an error indication because the

GGSN marks the PDP context as invalid. Prelim. Resp., Dkt. 262-3. Huawei repeatedly and consistently emphasized this alleged distinction:

- For example, Petitioners' proposed combination fails to provide a GGSN that preserves the PDP context after receiving an error indication from the RNC, because TR 23.809 V0.3.0 expressly describes its GGSN marks the PDP context as invalid.

*Id.* at 1, Dkt. 263-3.

- Petitioners' proposed combination fails to provide "updating, by the core network user plane anchor, a corresponding PDP context," as required by Claim 1 and the similar limitations in the other independent claims. This is the case because the GGSN in TR 23.809 V0.3.0 is described as marking the PDP context as invalid, which would make it unusable for any update.

*Id.* at 18.

- TR 23.809 V0.3.0 describes an "Error Indication" that is sent if the GSN/RNC "cannot find the PDP context or RAB for the received G-PDU." In particular, "If RNC sends error indication then GGSN marks the PDP context as invalid." An invalid PDP context cannot be used for an update, as it is invalid.

*Id.* at 19 (citations omitted).

- Independent Claim 1 expressly requires the step of "updating, by the core network user plane anchor [e.g. GGSN], a corresponding PDP context according to the update PDP context request." '339 Patent, cl. 1. Accordingly, instead of marking the PDP context as invalid and releasing the information or resources allocated to the user, claim 1 requires communications for the user to be reestablished with a preserved PDP context. Likewise, each challenged independent claim similarly requires that the GGSN not mark the PDP context as invalid in response to an error indication received from an access network device (e.g. from an RNC).

*Id.* at 20.

- As such, it is uncontested that the base reference (TR 23.809) cannot teach that that the core network user plane anchor performs the claimed updating step on its own. ***It cannot, it has marked its version of the PDP context as invalid which would make it unusable for any update.***

3

*Id.* at 21 (emphasis in original).

- In the claims of the '339 Patent, that recovery involves updating by the core network user plane anchor a corresponding PDP according to an update PDP request. In other words, the claimed technique includes the GGSN updating its local PDP context that it has not marked as invalid/unusable.

*Id.* at 32-33.

- In fact, Petitioners have not alleged that anything in the Ericsson Submission suggests that the Ericsson Submission changes the prior art behavior of the GGSN marking its PDP context as invalid and unusable, and in turn, unable to be updated.

*Id.* at 33.

On July 26, 2017, the Patent Office issued its institution decision, concluding that Nokia had established a reasonable likelihood that all challenged claims are invalid. Institution Decision at 2, Dkt. 314-1. The panel rejected Huawei's argument that TR 23.809 failed to teach a GGSN that preserved the PDP context because the GGSN in TR 23.809 marks the PDP context invalid. *Id.* at 14. In doing so, the panel characterized the argument in much the same way as Huawei did in its preliminary response: "Patent Owner contends that NSN's proposed combinations fail to provide a GGSN that preserves the PDP context as required in all the challenged claims, *because* TR 23.809 describes the GGSN *as marking the PDP context as invalid* and the Ericsson Submission does not cure this deficiency." *Id.* (emphasis added). The panel rejected the argument because Nokia had "provided sufficient evidence and argument to show a reasonable likelihood of demonstrating that TR 23.809 and the Ericsson Submission together teach a GGSN preserving the PDP context." *Id.*

Huawei's theory of infringement in this action, as it relates to the '339 patent and T-Mobile's 3G network, is that the '339 patent is essential to the 3GPP TS 23.060 standard, and that "[b]y complying with the standards . . . T-Mobile necessarily practices the asserted claims . . . ."

4

*See* Huawei Infringement Contentions at 1, Dkt. 265-1. Huawei's technical expert, Dr. Nettleton, bases his opinion on this contention: "It is my opinion that complying with TS 23.060 in a 3G network would include each and every limitation of the Asserted Claims of the '339 patent." Nettleton Rep. ¶ 198, Dkt. 265-2.

There is no dispute that the relevant TS 23.060 standard requires the GGSN to mark the PDP context as invalid at some point, notwithstanding whether the standard might allow the PDP context to be restored later. The standard document explains, for example, that if the GGSN receives an error indication for a PDP context, "the GGSN should not delete the associated PDP context but mark it as invalid." 3GPP TS 23.060 § 13.8.6, Dkt. 266-7. Dr. Nettleton's opinion agrees with the standards document. *See* Nettleton Rep. ¶ 192, ¶ 207, ¶ 628, Dkt. 265-2.

## DISCUSSION

Prosecution disclaimer prevents a patentee from recapturing claim scope surrendered during prosecution. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017). Disclaimer occurs when the patentee makes a "clear and unmistakable" statement disavowing claim scope. *Id.* Such disavowal "narrows the meaning of the claim consistent with the scope of the claim surrendered." *Biogen Idec, Inc. v. GlaxoSmithKline LLC*, 713 F.3d 1090, 1095 (Fed. Cir. 2013). Statements made by a patentee during an IPR proceeding may support a finding of disclaimer. *See Aylus*, 856 F.3d at 1361. Regardless of whether an examiner or panel agreed with the patentee's statement, the statement itself may result in disclaimer because it constitutes a representation to the public about the scope of the patent. *See Saffran v. Johnson & Johnson*, 712 F.3d 549 (Fed. Cir. 2013); *Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1374 (Fed. Cir. 2005).

Huawei's statements to the Patent Office in its preliminary response were clear and unmistakable. Huawei repeatedly emphasized that the TR 23.809 standards document does not describe a GGSN that preserves the PDP context after receiving an error indication *because* the GGSN marks the PDP context as invalid. This is clear from the first page of Huawei's response, in which Huawei stated: "Petitioners' proposed combination fails to provide a GGSN that preserves the PDP context after receiving an error indication from the RNC, *because* TR 23.809 V0.3.0 expressly describes its GGSN marks the PDP context as invalid." Prelim. Resp. at 1, Dkt. 263-3 (emphasis added). The prior art network, in other words, *cannot* preserve the PDP context because it has marked the PDP context invalid. Regardless of whether this is factually correct, there is no other way to interpret Huawei's clear statements.

Huawei insists that its statements have been taken out of context. According to Huawei, what it really meant was that TR 23.809 did not describe preserving the PDP context because the GGSN in the prior art marked the PDP context "invalid *such that it would not be used again*." Huawei Resp. at 1, Dkt. 278 (emphasis added). Notably, however, the phrase "such that it would not be used again," or any analogous qualifier, does not appear in Huawei's preliminary response. Huawei's argument that T-Mobile "mischaracterizes Huawei's statements to the PTO" and "obfuscates the full record before the Court" is meritless. *See id.* The Court concludes that Huawei's statements during IPR disavowed a process in which the GGSN marks the PDP context as invalid because doing so, according to Huawei's clear and unmistakable statements, makes it impossible to preserve the PDP context.

The only remaining question is whether summary judgment of noninfringement should be granted. Huawei's infringement contention is that by complying with the TS 23.060 standard, T-Mobile infringes, and Dr. Nettleton repeats this contention in his expert report. But the TS 23.060

standard requires the GGSN to mark the PDP context invalid, as Dr. Nettleton agrees, which is a scenario that the '339 patent claims no longer cover. That is, Huawei's unequivocal statements to the Patent Office now preclude Huawei from contending that the '339 patent claims cover any network in which the GGSN marks the PDP context invalid in response to an error message—regardless of whether the GGSN might subsequently revive the PDP context, later mark it "valid," or otherwise preserve it. Whether the PDP context could (as a factual matter) be preserved is beside the point because Huawei stated that the PDP *could not* be preserved if the PDP context had been marked invalid.

Huawei admits that disclaimer is the central issue. *See* Hr'g Tr. (Rough Draft) at 73:7-8 ("The question for this Court, the crux of the issue is did Huawei make a clear and unmistakable disavowal of claim scope in its statements to the Patent Office?"). Even if the Court found disclaimer, however, Huawei argues there is evidence in the record that T-Mobile's network apparently *does not* comply with the TS 23.060 standard because, unlike the standard, T-Mobile's GGSN only marks the PDP context as "unavailable" during the recovery process. Huawei Resp. at 8-9, Dkt. 278 (citing Nettleton Rep. ¶¶ 639-40, ¶¶ 646-47). The cited portions of Dr. Nettleton's report, however, repeatedly emphasize that "T-Mobile's GGSN nodes are provided by Cisco and comply with 3GPP TS 23.060," *see, e.g.*, Nettleton Rep. ¶ 639, Dkt. 265-2, which Dr. Nettleton agrees requires a GGSN that marks the PDP context invalid, *see, e.g.*, *id.* ¶ 192.

Contrary to Huawei's apparent argument, later statements in Dr. Nettleton's report do not create a factual issue within Dr. Nettleton's report itself. Huawei emphasizes that Dr. Nettleton refers to a Cisco technical specification suggesting that T-Mobile's GGSN only marks the PDP context as unavailable. *See* Huawei Resp. at 9-10, Dkt. 278. But the Cisco technical specification is inconsistent with Huawei's argument. The document states that "[t]he GGSN marks the *tunnel*

7

as unavailable," not that the GGSN marks the PDP context as unavailable. *See* Nettleton Rep. ¶¶ 686-87, Dkt. 265-2; *see also* Hr'g Tr. (Rough Draft) at 71:17-73:2. Dr. Nettleton's opinion confirms what the document says. *See id.* ¶ 687. While Dr. Nettleton opines that the Cisco document indicates that the PDP context can be updated after an error message, there is no clear statement from Dr. Nettleton suggesting that T-Mobile's GGSN *never marks* the PDP context invalid. Consequently, there is no real inconsistency in Dr. Nettleton's report that could create a fact issue material to infringement of the '339 patent claims—as narrowed by Huawei's disclaimer.

Dr. Nettleton's central thesis is that by complying with the TS 23.060 standard, the T-Mobile network infringes. The problem is that the standard, and by extension T-Mobile's network, includes a GGSN that marks the PDP context invalid. Whether the PDP context is later restored is immaterial. What matters is that T-Mobile's GGSN marks the PDP context invalid at some point because that is precisely what Huawei told the Patent Office the claims do not cover. According to Huawei's statements, it is impossible to preserve the PDP context after it has been marked invalid. *See, e.g.*, Prelim. Resp. at 1, Dkt. 263-3. Consequently, there is no genuine issue of material fact because there is no evidence from which a reasonable jury could find that T-Mobile's operation of the 3G network infringes the '339 patent claims. *See Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## CONCLUSION

Huawei clearly and unmistakably disclaimed a recovery process in which the GGSN marks the PDP context invalid, regardless of whether the PDP context might later be restored. As a result, the claims of the '339 patent no longer encompass such a process. There is no genuine issue of

material fact that T-Mobile's GGSN marks the PDP context invalid and thus no genuine dispute that T-Mobile's 3G network falls within the asserted '339 patent claims.

Accordingly,

It is **RECOMMENDED**:

T-Mobile's motion for partial summary judgment, Dkt. 262, should be granted.[1]

**SIGNED this 9th day of September, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).