IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO. LTD, § <br> § <br> v. § <br> § <br> T-MOBILE US, INC., T-MOBILE U.S.A., § <br> INC., § <br> § | Case No. 2:16-CV-00052-JRG-RSP |

## ORDER

Before the Court is the Report and Recommendation of the Magistrate Judge regarding the Defendants' Motion for Summary Judgement under § 101 (Dkt. No. 259). T-Mobile U.S.A., Inc., T-Mobile US, Inc. (collectively, "T-Mobile"), object to the Report and Recommendation which recommends to this Court that it deny T-Mobile's motion for summary judgment that the '365 and '617 patents are invalid under § 101. Having reviewed the Defendants' objections, and having fully considered the Report and Recommendation de novo, the Court finds no reason to reject or modify the Magistrate Judge's recommended disposition. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

Indeed, contrary to T-Mobile's objections, the conclusion of the Magistrate's Report and Recommendation that "the claims' character as a whole cannot be classified as an 'abstract idea' under *Alice*'s Step 1," (Dkt. No. 345 at 7), is correct.

"Precedent has recognized that specific technologic modifications to solve a problem or improve the functioning of a known system generally produce patent-eligible subject matter." *Trading Techs. Int'l, Inc. v. CQG, Inc.*, 675 Fed. Appx. 1001, 1004–05, 2017 (Fed. Cir. 2017). In *DDR Holdings, LLC v. Hotels.com, L.P.*, the court upheld the patent eligibility of claims "necessarily rooted in computer technology" that "overcome a problem specifically arising in the realm of computer networks." 773 F.3d 1245, 1257 (Fed. Cir. 2014). Similarly, "claimed

process[es] us[ing] a combined order of specific rules" that improved on existing technological processes were deemed patent-eligible in *McRO, Inc. v. Bandai Namco Games America Inc.*, 837 F.3d 1299, 1315 (Fed. Cir. 2016). Further, claims that were "directed to a specific improvement to the way computers operate, embodied in [a] self-referential table," were deemed eligible in *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016).

"Abstraction is avoided or overcome when a proposed new application or computer-implemented function is not simply the generalized use of a computer as a tool to conduct a known or obvious process, but instead is an improvement to the capability of the system as a whole." *Trading Techs.*, 675 Fed. Appx. At 1005. (citing *Enfish*, 822 F.3d at 1336). The Magistrate's Report and Recommendation implemented a proper analysis under Federal Circuit law, and the Court finds no error in it.

Accordingly,

It is **ORDERED**:

(1) T-Mobile's objections, Dkt. 394, are **OVERRULED**.

(2) The Magistrate Judge's Report and Recommendation, Dkt. 345, is **ADOPTED**.

(3) Accordingly, T-Mobile's motion for partial summary judgment, Dkt. 259, is **DENIED**.

**So ORDERED and SIGNED this 15th day of September, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE