**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO. LTD.,**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**T-MOBILE US, INC. and<br>T-MOBILE USA, INC.,**<br><br>      **Defendants,**<br><br>**NOKIA SOLUTIONS AND NETWORKS<br>US LLC, NOKIA SOLUTIONS AND<br>NETWORKS OY,<br>TELEFONAKTIEBOLAGET LM<br>ERICSSON, and ERICSSON INC.**<br><br>      **Intervenors.** | **Civil Action Nos.  2:16-cv-00052-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF HUAWEI TECHNOLOGIES CO. LTD'S MOTION TO STRIKE
DEFENDANTS' AND INTERVENORS' IMPROPER LETTER BRIEF**

Plaintiff Huawei Technologies Co. Ltd. ("Huawei") respectfully moves the Court to

strike Docket No. 401, titled "Defendants' and Intervenors' Opposition to Huawei's Letter

Motion to Maintain Privilege Over Clawed-Back Documents."

As an initial matter, this pleading is not an "opposition" because Huawei never filed a

motion.  At T-Mobile's urging, the Court ordered Huawei to "submit as soon as practicable but

no later than September 18, 2017, all communications (in English or that have been translated

into English) that were clawed back on September 10, 2017, for in camera review."  (Dkt. 392).

Huawei made this submission on September 15, 2017.  The Court's Order did not state that

1

Huawei should file a motion.  To the contrary, the Discovery Order states that the party

challenging a privilege claim (here, T-Mobile) shall be the party to file a motion.  (Dkt. 90, ¶ 6).[1]

T-Mobile never did so.

In the parties' meet and confer, T-Mobile suggested that Huawei's cover letter was a

"motion," but that was not Huawei's intent.  Huawei provided the Court with a one-page cover

letter to orient the Court to the documents it was submitting, and it served a copy of the letter on

T-Mobile.  The letter was not a legal brief; it did not cite to any legal authority or make any legal

arguments.  T-Mobile's "opposition," by contrast, is a nine-page legal brief that raises various

issues for the first time, including (for example) whether privilege applies under Chinese law.  If

the Court is going to address these legal issues, it should do via duly-noticed motion.  *See, e.g.,*

Fed. R. Civ. P. 44.1.[2]

T-Mobile's filing is more properly characterized as a letter brief regarding Huawei's

privileged documents.  This Court's Standing Order Regarding Submission of Letter Briefs is

clear that such submissions are only proper where the Court has requested such a brief.  Here, the

Court extended no such invitation to Defendants.

Because Docket 401 is an improper filing, the Court should strike it.

/ / /

/ / /

/ / /

---

[1] The Discovery Order also states that "Inadvertent disclosures of material protected by the
attorney-client privilege or the work product doctrine shall be handled in accordance
Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(3) and (5)." (Dkt. 90,
¶ 5(h).)
[2] To the extent the Court determines that Huawei has filed a "motion," Huawei withdraws it.

2

Dated: September 19, 2017                    Respectfully submitted,

By:  */s/ Jonathan J. Lamberson* _____
    Ruffin Cordell
    Texas Bar No. 04820550
    cordell@fr.com
    **FISH & RICHARDSON P.C.**
    1425 K Street, N.W., 11th Floor
    Washington, D.C. 20005
    Telephone: (202) 783-5070
    Facsimile: (202) 783-2331

    Thomas H. Reger II
    Texas Bar No. 24032992
    reger@fr.com
    Carl E. Bruce
    Texas Bar No. 24036278
    bruce@fr.com
    David B. Conrad
    Texas Bar No. 24049042
    conrad@fr.com
    Jane Du
    Texas Bar No. 24076355
    du@fr.com
    **FISH & RICHARDSON P.C.**
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

    David Barkan
    California Bar No. 160825
    barkan@fr.com
    Jonathan J. Lamberson
    California Bar No. 239107
    lamberson@fr.com
    **FISH & RICHARDSON P.C**.
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone: (650) 839-5070
    Facsimile: (650) 839-5071

Kevin Su
Massachusetts Bar No. 663726
su@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

**COUNSEL FOR PLAINTIFF HUAWEI
TECHNOLOGIES CO. LTD.**

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h), counsel for movant Huawei Technologies Co. Ltd,

contacted counsel for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc., and Intervenors,

Nokia Solutions and Networks US LLC, Nokia Solutions and Networks Oy, Telefonaktiebolaget

LM Ericsson, and Ericsson Inc., and was informed they oppose Huawei's Motion to Strike

Defendants' and Intervenors' Improper Letter Brief.

Dated: September 19, 2017                    */s/ Jonathan J. Lamberson*
                                                 Jonathan J. Lamberson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document has been served on September

19, 2017 to all counsel of record who are deemed to have consented to electronic service via the

Court's CM/ECF system per Local Rule CV-5(a)(3).

                                         */s/ Jonathan J. Lamberson*
                                         Jonathan J. Lamberson